In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00011-CV


______________________________




MIDTEXAS PIPELINE COMPANY, Appellant



V.



WALTER ROY WRIGHT, JR. AND ROBBIE V. WRIGHT, Appellees




 


On Appeal from the 25th Judicial District Court


Colorado County, Texas


Trial Court No. 18,396




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross


Dissenting Opinion by Chief Justice Cornelius


O P I N I O N



 MidTexas Pipeline Company appeals the summary judgment granted in favor of
Walter Roy Wright, Jr. and Robbie V. Wright (collectively, Wright). MidTexas is a gas
corporation with the right of condemnation under Tex. Util. Code Ann. § 181.004 (Vernon
1998). MidTexas began negotiations with Wright to purchase an easement over his land
for the purpose of building a natural gas pipeline.

 After negotiations yielded no agreement, MidTexas filed a condemnation action
pursuant to Tex. Prop. Code Ann. § 21.012 (Vernon 1984). The trial court appointed
special commissioners to assess damages. See Tex. Prop. Code Ann. § 21.014(a)
(Vernon 1984). The commissioners heard evidence and awarded damages, but Wright
objected to the award. See Tex. Prop. Code Ann. § 21.018(a) (Vernon 1984). Wright filed
a counterclaim in which he requested the trial court to restore to him possession of the
easement, award him damages for the unlawful taking of his property, and award him
reasonable attorney's fees. 

 Wright filed a motion for partial summary judgment in which he contended the trial
court did not have jurisdiction because MidTexas failed to comply with the jurisdictional
prerequisites for filing a condemnation action. Specifically, Wright alleged MidTexas did
not negotiate in good faith because its offer required him to grant MidTexas rights it could
not obtain through condemnation. Wright also filed a plea to the jurisdiction that mirrored
his arguments in his motion for partial summary judgment. 

 MidTexas filed a motion for partial summary judgment, in which it contended it met
all the jurisdictional prerequisites to filing its condemnation action. With respect to Wright's
allegation that it failed to negotiate in good faith, MidTexas contended the good faith
requirement was satisfied when it made a bona fide offer it believed was the amount of
compensation owed. 

 The trial court granted MidTexas' motion for partial summary judgment and denied
Wright's motion. Some time later, however, the First Court of Appeals issued its opinion
in Hubenak v. San Jacinto Gas Transmission Co., Nos. 01-99-00691-CV, 01-99-00959-CV,
01-99-01359-CV, 01-99-01360-CV, 2000 WL 1056416 (Tex. App.-Houston [1st Dist.]
July 27, 2000, no pet. h.) (not yet released for publication), which involved similar issues
and arguments to those in the present case.

 Wright reurged his plea to the jurisdiction, requesting the trial court to dismiss the
suit, based on Hubenak. The trial court granted Wright's plea to the jurisdiction, dismissing
MidTexas' condemnation action. The trial court then severed Wright's counterclaim,
making its dismissal order a final, appealable order. 

 "The Texas land condemnation scheme is a two-part procedure involving first, an
administrative proceeding, and then if necessary, a judicial proceeding." Amason v.
Natural Gas Pipeline Co., 682 S.W.2d 240, 241 (Tex. 1984). When a governmental entity,
or an entity with eminent domain authority, seeks to acquire real property for public use,
but is unable to agree with the owner on the amount of damages, the entity may begin a
condemnation proceeding by filing a petition in the proper court. Tex. Prop. Code
Ann. § 21.012(a); Amason, 682 S.W.2d at 241. Such a petition must (1) describe the
property to be condemned, (2) state the purpose for which the entity intends to use the
property, (3) state the name of the owner, if known, and (4) state that the entity and the
landowner are unable to agree on damages. Tex. Prop. Code Ann. § 21.012(b).

 When a party files such a petition, the trial court must appoint three special
commissioners who assess the damages and file an award reflecting their opinions of the
land's value. Tex. Prop. Code Ann. § 21.014(a); Amason, 682 S.W.2d at 241-42. If the
condemnee is unsatisfied with the award, he or she may file an objection in the trial court. 
Tex. Prop. Code Ann. § 21.018(a); Amason, 682 S.W.2d at 242. The filing of an objection
vacates the commissioners' award and, coupled with service of citation on the condemnor,
forecloses reinstatement of the commissioners' award. Amason, 682 S.W.2d at 242. 
What had been an administrative proceeding converts into a cause of action with the
condemnor as plaintiff and the condemnee as defendant. Id.

 In its plea to the jurisdiction, Wright alleged MidTexas failed to meet the unable-to-agree requirement of Section 21.012(b). The attempt to agree is a jurisdictional
prerequisite to the statutory proceedings. State v. Schmidt, 894 S.W.2d 543, 545 n.1 (Tex.
App.-Austin 1995, no writ) (citing Brinton v. Houston Lighting & Power Co., 175 S.W.2d
707, 709-10 (Tex. Civ. App.-Galveston 1943, writ ref'd w.o.m.)). The condemnor has the
burden of proof on the unable-to-agree issue. Id. at 544.

 On appeal, MidTexas contends it met the unable-to-agree requirement as a matter
of law. We have this day released our opinion in No. 06-01-00010-CV, MidTexas Pipeline
Co. v. Dernehl. Because the briefs and arguments are in all relevant respects the same
as those raised in this appeal, for the reasons stated in that opinion, we affirm the trial
court's judgment.


 Donald R. Ross

 Justice



DISSENTING OPINION



 I dissent for the reasons stated in my dissenting opinion in cause number
06-01-00010-CV, MidTexas Pipeline Co. v. Dernehl.


 William J. Cornelius

 Chief Justice



Date Submitted: August 28, 2001

Date Decided: December 21, 2001


Do Not Publish



a contemporaneous result of the negligent
activity itself, rather than a condition created by the negligent activity. Keetch v. Kroger Co., 845
S.W.2d 262, 264 (Tex. 1992); Kroger v. Persley, 261 S.W.3d 316, 320 (Tex. App.--Houston [1st
Dist.] 2008, no pet.); Lucas v. Titus County Hosp. Dist./Titus County Mem'l Hosp., 964 S.W.2d 144,
153 (Tex. App.--Texarkana 1998), pet. denied, 988 S.W.2d 740 (Tex. 1998). The negligent activity
theory of liability is only applicable where the evidence shows that the injuries were directly related
to the activity itself. Keetch, 845 S.W.2d at 264. If the injury was caused by a condition created by
the activity rather than the activity itself, a plaintiff is limited to a premises defect theory of liability. 
Lucas, 964 S.W.2d at 153.

 The Texas Supreme Court's decision in Keetch guides us in determining what evidence is
needed to establish that an injury was the contemporaneous result of the negligent activity itself,
rather than a condition created by the negligent activity. Keetch, 845 S.W.2d at 264. In Keetch, the
plaintiff slipped and fell about thirty minutes after a Kroger employee had sprayed a chemical
substance on plants in the floral section of the store. Id. The Texas Supreme Court rejected the
contention that Kroger's employees were conducting a negligent activity because the activity,
spraying plants, was not "ongoing" at the time of the plaintiff's injury. Id. Thus, while the plaintiff
"may have been injured by a condition created by the spraying, . . . she was not injured by the activity
of spraying." Id. In holding the case to be a premises liability case rather than a negligent activity
case, the court noted "[a]t some point, almost every artificial condition can be said to have been
created by an activity." Id.

 Similarly, in Stanley Stores v. Veazey, the Beaumont Court of Appeals applied the Keetch
analysis to another slip and fall case where the plaintiff alleged a negligent activity. Stanley Stores,
Inc. v. Veazey, 838 S.W.2d 884, 885-86 (Tex. App.--Beaumont 1992, writ denied). In the Stanley
Stores case, while shopping, the plaintiff slipped on a clear liquid and fell to the floor. Id. at 885. 
The store manager found "a small puddle of water and a paper cup" in the area where the plaintiff
slipped. Id. The cup was a small sample-type similar to those being used at that time in promotion
of a Pepsi-Cola display. Id. at 886. The Pepsi-Cola display was located near the front entrance of
the store, away from the area where the plaintiff fell. Id. Applying the holding in Keetch, the court
held that the facts were insufficient to support a negligent activity claim. Id. The court explained: 

 Let's assume that all of the evidence was proof positive (matter of law) that the liquid
which caused Mrs. Veazey to slip and fall did indeed originate from the Pepsi display
activity which was ongoing at the time of the fall. Thus, we have an ongoing activity
(Pepsi display) in one area of the store and a slip and fall on substance generated
from that activity in another area of the store. Keetch says, "Recovery on a negligent
activity theory requires that a person have been injured by or as a contemporaneous
result of the activity itself rather than by a condition created by the activity." . . .
Even under our proof positive assumption, Mrs. Veazey slipped on a "condition
created by the activity."


Id. 

 Similarly, in Kroger Co., the court of appeals reversed the trial court and held that there was
no evidence of negligent activity when the plaintiff slipped and fell by stepping in water that was
allegedly dripped onto the floor when a store employee transported frozen food from pallets to the
frozen food cases. 261 S.W.3d at 320-21. The court noted that there was no ongoing activity in the
area where the plaintiff fell at the time the fall occurred and that the plaintiff fell at least fifteen
minutes after the employee had left the area, "[t]hus there was no connection between the injury and
the stocking of the frozen foods section that would lead us to conclude that [the plaintiff's] injury
occurred as a contemporaneous result of a negligent activity." Id. at 320-21. 

 The facts of this case are very similar to those in Keetch, Stanley Stores, and Kroger Co. in
that the alleged negligent activity--mopping--was not ongoing at the time and place Brooks fell.
Summers testified that she had finished mopping the restroom and verbally warned Brooks about
the floor as Brooks entered the restroom. Brooks testified that she fell several minutes after
Summers had ceased mopping, placed a "wet-floor" warning cone, verbally warned Brooks about
the wet floor, and left the restroom. In either case, there is no evidence that the negligent activity
itself caused Brooks's injuries or that her fall was contemporaneous with Summers's mopping. 
Rather, just as in Keetch and Kroger Co., all the evidence indicates that Brooks slipped on a
condition caused by the mopping activity. Therefore, PRH is entitled to judgment as a matter of law. 
We affirm the trial court's granting of summary judgment and no-evidence summary judgment as
to Brooks's negligent activity cause of action and overrule Brooks's points of error deriving
therefrom. 

Adequate Warnings About the Floor Were Given

 Brooks also contends that the trial court erred by granting summary judgment and no-evidence summary judgment as to her premises liability claims because she did provide supporting
evidence and there were material facts in dispute. We disagree. 

 Tort liability depends on both the existence of and the violation of a duty. Lefmark Mgmt.
Co. v. Old, 946 S.W.2d 52, 53 (Tex. 1997). An owner or occupier of land has a duty to keep the
premises under his control in a safe condition. Redinger v. Living, Inc., 689 S.W.2d 415, 417 (Tex.
1985). This duty is discharged by warning the invitee of unreasonable risks of harm, either known
to the owner or which would be known to him by reasonable inspection or by making the premises
reasonably safe. State v. Williams, 940 S.W.2d 583, 584 (Tex. 1996); see also McCaughtry v.
Barwood Homes Ass'n, 981 S.W.2d 325, 330 (Tex. App.--Houston [14th Dist.] 1998, pet. denied). 
If the evidence conclusively established that the owner adequately warned the plaintiff of the
condition, the owner cannot be found negligent as a matter of law. Williams, 940 S.W.2d at 584. 

 To succeed in a premises liability suit, an invitee plaintiff must prove (1) that the defendant
had actual or constructive knowledge of some condition on the premises, (2) that the condition posed
an unreasonable risk of harm, (3) that the defendant failed to exercise reasonable care to eliminate
or reduce the risk of that harm, and (4) that the defendant's failure to use such care proximately
caused the invitee's injury. Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998);
Pierce v. Holiday, 155 S.W.3d 676, 679 (Tex. App.--Texarkana 2005, no pet.).

 The case of Bill's Dollar Store, Inc. v. Bean is strikingly similar to the present case. 77
S.W.3d 367 (Tex. App.--Houston [14th Dist.] 2002, pet. denied). A plaintiff slipped and fell due
to a wet spot on the floor caused by spilled cola. Id. at 370. Prior to the plaintiff's fall, a store
employee verbally warned the plaintiff about the wet spot, the plaintiff stood just a few feet from the
wet spot as it was being mopped, and she could see that the floor was wet. Id.  The court of appeals
held that under those circumstances, the verbal warning given to the plaintiff was adequate as a
matter of law. Id.

 In this case, the material facts are not in dispute. Brooks slipped and fell three to five
minutes after the restroom floor was mopped.  Viewing the evidence in the light most favorable to
Brooks, she saw the floor being mopped, saw the wet floor warning sign, and was verbally warned
"to be careful" because the "floor may be a little damp." Under these circumstances, whether the
warning was given prior to or after Brooks entered the restroom, the warning was adequate as a
matter of law to discharge the property owner's duty to warn Brooks about the possible danger posed
by the condition of the floor.

 The pleadings and their attachments and exhibits present a prima facia cause of action for
premises liability; therefore, we sustain Brooks's points of error regarding the granting of no-evidence summary judgment as to her premises liability claim. However, the material facts in this
case are not in dispute and PRH is entitled to judgment as a matter of law. Therefore, we affirm the
trial court's granting of summary judgment as to Brooks's premises liability claims and overrule
Brooks's points of error deriving therefrom. 

 The traditional summary judgment was properly granted, and we affirm the judgment of the
trial court. 




 Bailey C. Moseley

 Justice


Date Submitted: December 15, 2009

Date Decided: January 22, 2010


1. In her argument, Brooks emphasizes that the floor was not mopped according to company
procedures. Under our analysis of Brooks's negligent activity claim, the product and procedure used
to mop the floor is irrelevant in this case.