TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING









NO. 03-96-00592-CV







State of Texas, Appellant



v.



John Garland, et ux., et al., Appellees






FROM THE COUNTY COURT AT LAW NO. 1 OF BELL COUNTY


NO. 33,691, HONORABLE EDWARD S. JOHNSON, JUDGE PRESIDING 






 Our opinion issued October 30, 1997, is withdrawn, and the following is issued in lieu
thereof.

 The State of Texas and City of Temple jointly initiated eminent domain proceedings to
condemn six parcels of land in Bell County. In each proceeding, special commissioners were appointed,
conducted a hearing, and filed an award. (1) Subsequently, the landowners in each case filed a "Motion for
Judgment in Absence of Timely Filed Objections," which the trial court granted. The court rendered
judgment on the commissioners' award. The State appealed in each of the six cases, and we have
consolidated the appeals. (2) We will reverse the trial court's judgments and remand the causes for further
proceedings.


FACTUAL AND PROCEDURAL BACKGROUND



 Commissioners' hearings were held on various dates in 1994 for the six parcels of land
being condemned. It is undisputed that after each hearing the condemnor's representative--an assistant
city attorney for the City of Temple--took possession of the commissioners' written decision. It is also
undisputed that the executed decisions were not filed with the trial court on the day the decision was made
or on the next working day after it was made, as required by the Texas Property Code. (3) See Tex. Prop.
Code Ann. § 21.048 (West 1984). After the decisions were eventually filed, the State, as condemnor,
deposited the amount of the award into the registry of the court. Within approximately twenty days after
each decision was filed, the State filed objections. The landowners withdrew the deposits pursuant to court
order and then filed, in each case, a Motion for Judgment in Absence of Timely Filed Objections. The trial
judge granted these motions and rendered final judgments adopting the commissioners' awards.

 The State brings two points of error, asserting that: (1) the trial court erred in rendering
judgment on the awards because the landowners waived their right to contest jurisdictional prerequisites
by withdrawing the deposit of the award; and (2) the court erred in granting the landowners' motions
because the time for filing objections was effectively tolled by the failure to timely file the decisions in court. 
As a threshold matter, the landowners challenge this Court's jurisdiction, contending the judgments
rendered by the trial court were not appealable. We will overrule the jurisdictional challenge and reverse
the trial court's judgments.


DISCUSSION



Condemnation Procedure



 We begin with an overview of the condemnation process. Texas has a two-part land
condemnation scheme. See generally Amason v. Natural Gas Pipeline Co., 682 S.W.2d 240, 241-42
(Tex. 1984); State v. Carlton, 901 S.W.2d 736, 738 (Tex. App.--Austin 1995, no writ). When a party
seeks to condemn land but cannot agree with the landowner on the value of the property, the condemning
authority must file a petition in either the district court or the county court at law. Prop. Code §§ 21.012-.013. The trial court then appoints three special commissioners, who hold a hearing and file in the trial court
an award of damages reflecting their determination of the value of the condemned land. Id. §§ 21.014-.016. The condemnor must either pay the amount of the award to the condemnee or deposit that amount
in the court's registry. Id. § 21.021(a)(1). Any party who is dissatisfied with the award is allowed a certain
amount of time within which to file objections in the appropriate court. Id. § 21.018. After citing the
adverse party, the court then tries the case in the "same manner as other civil causes." Id. § 21.018(b). 
If no objections are timely filed, the trial court is required, as a matter of ministerial duty, to render judgment
"on the award." Pearson v. State, 315 S.W.2d 935, 938 (Tex. 1958). Such a judgment is not
appealable. Id.

 Two sections of the Property Code are the focus of this dispute. The first states the time
within which the commissioners are to file their award in court after they make their decision:


Statement of Damages and Costs


After the special commissioners in an eminent domain proceeding have assessed the
damages, they shall:


(1) make a written statement of their decision stating the damages, date
it, sign it, and file it and all other papers connected with the proceeding
with the court on the day the decision is made or on the next working
day after the day the decision is made;



Prop. Code § 21.048(1). The second relevant provision states the time within which a party is to file
objections to the commissioners' award after it has been filed in court:


Appeal From Commissioners' Findings


(a) A party to a condemnation proceeding may object to the findings of the special
commissioners by filing a written statement of the objections and their grounds with the
court that has jurisdiction of the proceedings. The statement must be filed on or before
the first Monday following the 20th day after the day the commissioners file their
findings with the court.


(b) If a party files an objection to the findings of the special commissioners, the court shall
cite the adverse party and try the case in the same manner as other civil causes.


Prop. Code § 21.018. In the present case, the State's objections were filed on or before the first Monday
following the twentieth day after the award was filed in court, but the award was not filed in court by the
next working day after it was signed.


Landowners' Plea to the Jurisdiction


 We first address the landowners' contention that this Court has no jurisdiction over this
appeal. The landowners argue that the trial court's rendition of judgment on the commissioners' awards
was merely the performance of a ministerial duty from which no appeal can be taken. It is true the supreme
court has said that "an order directing that the award be recorded and making the same the judgment of
the court does not constitute a judgment in a civil case, and . . . there is no right of appeal therefrom." 
Pearson, 315 S.W.2d at 938. However, that statement was made in the context of a case in which
objections were not timely filed. It is the timely filing of objections that transforms the administrative
proceeding before the commissioners into a pending judicial cause:


Filing timely objections invokes the jurisdiction of the trial court and transforms the
administrative proceeding into a pending cause. Pearson v. State, 159 Tex. 66, 315
S.W.2d 935, 937 (1958); see Seiler v. Intrastate Gathering Corp., 730 S.W.2d 133,
137 (Tex. App.--San Antonio 1987, no writ). If objections are not filed timely, the trial
court can only perform its ministerial function and render judgment based upon the
commissioner's [sic] award. See Pearson, 315 S.W.2d at 938.


John v. State, 826 S.W.2d 138, 141 n.5 (Tex. 1992); see also Rose v. State, 497 S.W.2d 444, 445
(Tex. 1973). Thus, if the objections in the present case were timely filed, this Court has jurisdiction to
review the trial court's judgments. See John, 826 S.W.2d at 140-41 (trial court rendered final judgment
on award based on perceived absence of timely objections; supreme court held award was reviewable on
basis that, after allowing tolling period, objections were timely filed). We believe the appealability of a trial
court's order purporting to be a ministerial judgment on the commissioners' award cannot be determined
by how the order is titled, but rather must be determined by whether the objecting party successfully
invoked the trial court's jurisdiction by timely filing objections. If a trial court erroneously determines that
objections have not been timely filed, the notion that such a determination would have the effect of cutting
off the objecting party's right to appeal the award does not comport with logic or justice. To determine
whether this Court has jurisdiction over this appeal, therefore, we must first determine whether the State's
objections were timely filed.

 The landowners ask us to merge the requirements of sections 21.048 and 21.018 of the
Property Code as if they established only one deadline. They first point out that, because the decision was
not filed in court on the day it was made or on the next working day, the provisions of section 21.048 were
violated. They further argue that when the commissioners' decision is not timely filed in court by a party
who has taken physical possession of the document, the time for filing objections under section 21.018 must
be considered to run from the date the decision should have been filed, instead of the date it is actually
filed. Thus, under the landowners' theory, the State's objections to the commissioners' award had to be
filed no later than the Monday next following the expiration of twenty-one days after the award was signed,
even though the award itself was not actually filed in court until later. We believe the landowners' argument
interweaves two concepts that need separation: calculating the date for filing objections to the
commissioners' decision under section 21.018 and determining the consequences of failing to comply with
the timetable set out in section 21.048 for filing the decision in court. We see no compelling reason to
consolidate the timetables contained in these two provisions because, first, to do so is not consistent with
the plain language of section 21.018 and, second, other remedies are available for a party's failure to
comply with section 21.048.


(i) Plain Language of Section 21.018

 We begin with the plain language of section 21.018: the deadline for filing objections to
the commissioners' award is "the first Monday following the 20th day after the day the commissioners file
their findings with the court." Prop. Code § 21.018. The use of the filing of the decision as the starting
point for filing objections has remained unchanged for more than a century. In 1879, the time for filing
objections was ten days from the day that the commissioners' award was filed with the county judge. See
Revised Statutes, 16th Leg., R.S., § 1, art. 4202, 1879 Tex. Rev. Civ. Stat. 604. The amount of time
allowed to file objections has been enlarged over the years, and the decision is now filed with the trial court
rather than the county judge, but the starting point for computing the deadline has remained the same: the
date of filing. (4) Had the Legislature intended the time period to run from the signing of the actual award,
or from the date that the award should have been filed in court, it could easily have said so. Instead, the
starting point for the timetable to file objections has remained consistent despite other changes in eminent
domain procedures. Thus, the plain meaning of section 21.018 indicates that the time to file objections
begins to run from the filing of the commissioners' award in the trial court.


(ii) Other Remedies Available for Violations of Section 21.048

 The landowners argue, however, that unless the timetables of sections 21.048 and 21.018
are merged, condemning authorities will always be able to wait months or even years before filing the
awards, thereby obtaining a tactical advantage and leaving helpless landowners to, in the landowners'
words, "twist in the wind." The central issue in this case, we believe, is what consequences should result
from a failure to comply with the requirement of section 21.048 that the commissioners' decision be filed
in court within one working day of its issuance. Section 21.048 places the burden of filing the
commissioners' decision in court on the commissioners themselves. We are informed, however, that a
representative of the condemnor typically offers to carry out the actual filing of the document, and that such
offer is usually accepted by the commissioners. (5) We see no reason why the commissioners may not
authorize another person, including a party to the proceeding, to fulfil this responsibility. The landowners
do not argue that there should be adverse consequences for late filing in those instances when the
commissioners personally undertake to file their decision and, for whatever reason, fail to do so timely. The
landowners contend a strict rule is needed, however, when the condemning authority assumes that task and
fails in its performance. Although we agree that consequences can attach in such circumstances, we
disagree that the consequences can be a merging of the timetables of sections 21.018 and 21.048.

 Condemnation proceedings have a dual nature, part administrative and part judicial. The
question before us involves the trial court's ability to deal with events occurring between the making of the
special commissioners' decision and its filing, a time before the proceeding is converted from administrative
to judicial. A number of cases discuss the limits on a trial court's power to act during the administrative
phase of a condemnation proceeding. In Pearson, the court noted that a court's jurisdiction in eminent
domain is not general, but special and depends upon specific statutory provisions. 315 S.W.2d at 937. 
It also noted that if no objections are filed, no jurisdiction is conferred on the court to do more that adopt
the award as its judgment. Id. at 938. The court then concluded that an order entered on the award was
not appealable, because the proceeding had never been converted into an ordinary judicial proceeding and
there was no specific statutory provision allowing appeal from such an order. Id.; see also Gulf Energy
Pipeline Co. v. Garcia, 884 S.W.2d 821, 822 (Tex. App.--San Antonio 1994, orig. proceeding);
Blasingame v. Krueger, 800 S.W.2d 391, 394 (Tex. App.--Houston [14th Dist.] 1990, orig.
proceeding); Peak Pipeline Corp. v. Norton, 629 S.W.2d 185, 186 (Tex. App.--Tyler 1982, no writ).

 This line of cases forbids a trial court to delay or otherwise interfere with the administrative
phase of the proceeding. At the same time, however, the proper remedy for problems occurring during
the administrative proceedings before the commissioners appears to be an appeal to the trial court. In
Tonahill v. Gulf States Utilities Co., 446 S.W.2d 301 (Tex. 1969), a petition in condemnation had been
filed and a hearing set. Tonahill sued in district court to enjoin the county judge and the commissioners from
hearing or determining any issue in the eminent domain proceedings because he contended that the petition
in condemnation was insufficient to give the county judge authority to appoint the special commissioners. 
Id. at 302. The supreme court, in denying writ of error, stated that all of his questions could be decided
in an appeal from the award of the commissioners to the county court; the right of appeal afforded him an
adequate remedy for anything that may occur in the condemnation proceedings up to and including the
award. Id.

 The trial court is specifically authorized to receive and file the commissioners' award and,
upon the timely filing of a party's objections, to cite the adverse party and "try the case in the same manner
as other civil causes." Prop. Code §§ 21.048, .018. If the trial court is to carry out its statutory duty, and
if an appeal to the trial court is to be an adequate remedy for errors committed during the proceedings
before the commissioners, the court must, without interfering in those areas specifically delegated to the
commissioners, be able to ensure that the appeal process is not thwarted by a failure to file the decision in
court.

 Under the facts presented here, we think a trial court has the power to order that the
obligation to file the commissioners' decision in court be met. To allow a court to take such actions as are
necessary to ensure the filing of the decision does not contravene any statutory language, does not interfere
with those parts of the process specifically left to the commissioners' discretion, and furthers the purposes
of protecting the landowner while simultaneously promoting condemnation proceedings as a swift alternative
to the ordinary judicial processes available to the condemnor. Nor do we have to engage in a strained
reading of other parts of the condemnation law to ensure that a remedy for violation of section 21.048
exists. When the condemnor's representatives fail--intentionally or through inadvertence--to timely file
the commissioners' award in court, existing condemnation procedures allow the landowner to avoid any
significant delay. The clerk of the court in which the decision is filed is required by law, within one day of
filing, to "send notice of the decision by certified or registered United States mail, return receipt requested,
to the parties in the proceeding, or to their attorneys of record, at their addresses of record." Prop. Code
§ 21.049. Because the commissioners' decision is to be filed within one working day of its issuance, and
the court clerk is to send notice within one working day of filing, all parties should receive notice of filing
from the court clerk within a few days after the commissioners issue their decision. If any party does not
receive such notice within a short period, he is alerted to check on the filing of the decision and, if
necessary, ask the trial court to use its powers--be they termed "judicial" or "administrative"--to compel
the filing of the decision. (6) Thus, because other safeguards and remedies exist to prevent or rectify any delay
in the filing of the commissioners' decision, merging the timetables of sections 21.048 and 21.018 is not
essential to deter such delays.

 Accordingly, we hold that the timetable for filing objections begins when the decision is filed
with the court, subject to tolling if proper notice is not sent. See John, 826 S.W.2d 138. The remedy for
the concerns of the landowners in the present case lies in the court's inherent and implied powers, subject
to the limits of non-interference in those parts of the procedure delegated to the commissioners. We
overrule the landowners' challenge to this Court's jurisdiction.


State's Points of Error

 In point of error two, the State asserts that the trial court erred in rendering the six
judgments "on the awards" because the time for filing objections to the awards did not begin to run until
the commissioners' decisions were filed in court. The State argues, in part, that the time for filing objections
should be "tolled" until the filing of each award. While we agree with the State's position that its objections
were timely filed, we need not apply an equitable doctrine such as tolling. The supreme court in John v.
State applied tolling because, due to the failure of the court clerk to send the notice required by section
21.049, objections to the commissioners' award did not meet the deadline set out in section 21.018. See
826 S.W.2d at 140-41. In the present case, on the other hand, the section 21.018 timetable was met,
leaving as the sole issue the consequences of failing to comply with section 21.048. For the reasons stated
above in connection with our discussion of the jurisdictional issue, we sustain the State's point of error two;
we hold that the State's objections were timely and that the trial court improperly rendered judgment on
the awards based on its perceived absence of timely objections.

 Having sustained point of error two, we need not address the State's contention in point
of error one that, by withdrawing the proceeds of the award from the registry of the court, the landowners
waived their right to complain about any matter except the market value of the property.


Landowners' Motion for Rehearing

 Following our initial opinion in this appeal, the landowners asserted in their motion for
rehearing that the State had failed to properly assign error because point of error two was based on the
trial court's failure to apply the equitable rule of tolling used in John v. State. We disagree.

 The general principles governing this question are well settled:


[W]e are guided by the principle that we must construe rules on briefing liberally. 
Anderson v. Gilbert, 897 S.W.2d 783, 784 (Tex. 1995). "[A] substantial compliance
with these [briefing] rules will suffice in the interest of justice." Tex. R. App. P. 74(p). 
Specifically, points of error should be construed liberally "in order to adjudicate justly,
fairly and equitably the rights of the litigants." Williams v. Khalaf, 802 S.W.2d 651, 658
(Tex. 1990). "A point is sufficient if it directs the attention of the appellate court to the
error about which complaint is made." Tex. R. App. P. 74(d). The reviewing court
"should consider the parties' arguments supporting each point of error and not merely the
wording of the points." Anderson, 897 S.W.2d at 784.


Silverthorne v. Mosley, 929 S.W.2d 680, 683 (Tex. App.--Austin 1996, writ denied).

 The essence of the State's position in its second point of error is that, where the
Commissioners' decision is not filed in court within one day of its issuance as required by section 21.048,
the time for filing objections does not begin to run from the date the decision should have been filed, but
from the date it was filed, as stated in section 21.018. That is precisely what we have held. Although the
State argued that such a result could be reached via the tolling theory contained in John, the mere fact that
we do not believe it is necessary to use the tolling theory to reach the result urged by the State is immaterial. 
The State's argument is clearly sufficient to raise the issue. At the very least, the State's tolling argument
is so inextricably intertwined with the "plain language" position we adopt that the former cannot be raised
without automatically directing one's attention to the latter. See Consolidated Eng'g Co. v. Southern
Steel Co., 699 S.W.2d 188, 192 (Tex. 1985); First State Bank v. Keilman, 851 S.W.2d 914, 920 (Tex.
App.--Austin 1993, writ denied).


CONCLUSION

 We reverse each of the six judgments and remand the causes to the trial court for further
proceedings consistent with this opinion.



 

 J. Woodfin Jones, Justice

Before Justices Powers, Jones and Kidd

Reversed and Remanded

Filed: January 15, 1998

Publish
1.   The condemnation statutes appear to treat the terms "award," "decision," and "findings" as
synonymous. We will do likewise.
2.   Our cause numbers 03-96-00592-CV through 03-96-00597-CV have been consolidated under
cause number 03-96-00592-CV. The appellees are: John T. Cox, Jr., et ux., John Garland, et ux., Sam
C. Guthrie, Jr., et ux., Edmond J. and Evelyn M. Kelarek, Peoples National Bank of Belton, James Preston
Reichert and Elizabeth Jones Reichert, and Whited Oil Corporation. For convenience, we will refer to
appellees collectively as "the landowners."
3.   In four of the cases, the commissioners' decision was filed about a month after it was signed, in
one case about four months after it was signed, and in one case seven and one-half months after it was
signed.
4. In 1965, the deadline for filing objections was changed to the first Monday after twenty days after
the commissioners' decision was filed with the county judge. See Act of May 20, 1965, 59th Leg., R.S.,
ch. 357, § 1, 1965 Tex. Gen. Laws 766, 766-67. In 1971, eminent domain jurisdiction was transferred
from the constitutional county courts to the county courts at law and district courts. Objections were to
be filed with the court in which the case was filed. See Act of May 31, 1971, 62nd Leg., R.S., ch. 832,
§ 1, 1971 Tex. Gen. Laws 2536, 2536-37. The current structure, which combines the deadline for filing
objections with the language that they are to be filed "with the court that has jurisdiction of the proceeding,"
began in the 1983 enactment of the Property Code. See Property Code, 68th Leg., R.S., ch. 576, sec.
1, § 21.018, 1983 Tex. Gen. Laws, 3475, 3501.
5. The landowners state in their briefs that it is common practice for a representative of the
condemning authority, rather than the commissioners themselves, to perform the act of filing the decision
in court. We find no record references in the briefs showing us where these, or other, assertions concerning
common condemnation practices had a factual development in the trial court. Because our ultimate focus
is on the plain language of section 21.018 and the trial court's power to fashion an appropriate remedy for
a violation of section 21.048, our discussion applies regardless of whether it is the condemning authority
or the special commissioners who perform the act.
6. The trial court's express authority to receive and file the award clearly implicates an implied
and/or inherent authority to compel its filing. See The State Bar of Texas v. Gomez, 891 S.W.2d 243,
245 (Tex. 1994); Eichelberger v. Eichelberger, 582 S.W.2d 395, 398-99 (Tex. (1979). We express
no opinion whether the court's powers might include authority to assess sanctions against the dilatory party.



the time for filing objections does not begin to run from the date the decision should have been filed, but
from the date it was filed, as stated in section 21.018. That is precisely what we have held. Although the
State argued that such a result could be reached via the tolling theory contained in John, the mere fact that
we do not believe it is necessary to use the tolling theory to reach the result urged by the State is immaterial. 
The State's argument is clearly sufficient to raise the issue. At the very least, the State's tolling argument
is so inextricably intertwined with the "plain language" position we adopt that the former cannot be raised
without automatically directing one's attention to the latter. See Consolidated Eng'g Co. v. Southern
Steel Co., 699 S.W.2d 188, 192 (Tex. 1985); First State Bank v. Keilman, 851 S.W.2d 914, 920 (Tex.
App.--Austin 1993, writ denied).


CONCLUSION

 We reverse each of the six judgments and remand the causes to the trial court for further
proceedings consistent with this opinion.



 

 J. Woodfin Jones, Justice

Before Justices Powers, Jones and Kidd

Reversed and Remanded

Filed: January 15, 1998

Publish
1.   The condemnation statutes appear to treat the terms "award,