NO. 12-01-00274-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS




§
 



IN RE: THE STATE OF TEXAS,
§
 ORIGINAL PROCEEDING

RELATOR


§
 






 

 The State of Texas ("the State") brings this petition for writ of mandamus complaining of
certain orders entered in the underlying condemnation proceeding. Because we conclude that the
State has an adequate remedy at law, we deny the petition.


Background


 On September 1, 2000, the State filed an Original Petition for Condemnation in County Court
at Law Number 2 of Smith County seeking to obtain 6.12 acres from Irene Elizabeth Davis. 
Thereafter, the trial court appointed three Special Commissioners ("the Commissioners") "to assess
the damages occasioned by such condemnation." On November 1, 2000, the Commissioners held
a hearing at which the State and Davis appeared through counsel. During the hearing, the 
Commissioners requested that the State produce appraisal reports and records showing how much
other landowners in the area had received from the State for their land. The State objected to this
request. On November 21, the trial court held a hearing to determine whether the State was required
to produce these documents. 

 At the hearing, the trial judge stated that the Commissioners had requested that he appoint
them an attorney. After hearing argument of counsel, the trial court appointed an attorney for the
Commissioners and then proceeded to hear argument on the evidentiary issue. After taking the
matter under advisement, the trial court signed an order on December 27, 2000 wherein it found that
it had "jurisdiction over this question because it concerns a conflict involving the Special
Commissioners appointed by this Court." Further, the trial court ordered that the State provide to
the commissioners certain information on all real property acquired by the State and located within
three miles of the subject property. Subsequently, the State filed a motion requesting that the trial
court reconsider its ruling, which the trial court denied on August 18, 2001. The State brings this
petition for writ of mandamus asking this court to direct the trial court to vacate its order regarding
discovery and to withdraw its appointment of counsel on behalf of the Commissioners.


Prerequisites To Mandamus Relief


 Mandamus is "an extraordinary remedy, available only in limited circumstances." Walker
v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). A writ of mandamus will issue only if (1) the trial
court violates a duty imposed by law or clearly abuses its discretion, and (2) there is no other
adequate remedy at law, such as an appeal. Walker, 827 S.W.2d at 839; Johnson v. Fourth Court
of Appeals, 700 S.W.2d 916, 917 (Tex. 1985).


Abuse of Discretion


 The State argues that the trial court abused its discretion in appointing counsel for the 
Commissioners and in ordering that the State produce certain documents because it lacked
jurisdiction to enter such orders. We agree. In Amason v. Natural Gas Pipeline Co., 682 S.W.2d
240 (Tex. 1984), the Texas Supreme Court explained the dual nature of an eminent domain
proceeding as set forth in the Texas Property Code:


 The Texas land condemnation scheme is a two-part procedure involving first, an administrative
proceeding, and then if necessary, a judicial proceeding. When a party desires to condemn land for
public use but cannot agree on settlement terms with the landowner, that party must file a statement
seeking condemnation in the proper court, either district court or county court at law, of the county
in which the land is located. Upon the filing of this statement, the trial court judge is to appoint three
Special Commissioners who assess the damages and then file an award which, in their opinion, reflects
the value of the sought-after land . . . From the time the condemnor files the original statement seeking
condemnation up to the time of the Special Commissioners' award, these initial proceedings are
administrative in nature.

. . . 


 [If either party] is dissatisfied with the Special Commissioner's award, he must timely file his
objection in the appropriate court. Upon the filing of objections, the Special Commissioners' award
is vacated and the administrative proceeding converts into a normal pending cause in the court with
the condemnor as plaintiff and the condemnee as defendant. . . .


Id. at 241-42 (citations omitted).

 A court's jurisdiction to act as a judicial tribunal in a condemnation proceeding is limited to
that which has been conferred by statute. Pearson v. State, 159 Tex. 66, 315 S.W.2d 935, 938
(1958). Thus, unless a party timely objects to the commissioners' award, a court has no jurisdiction
to do anything more than perform its ministerial function and accept and adopt the award as its
judgment. Id.; see John v. State, 826 S.W.2d 138, 141 n.5 (Tex. 1992). Only upon the filing of an
objection does the proceeding become a "civil case" in which the court has jurisdiction to determine
all issues. Id.; see Tex. Prop. Code Ann. § 21.018 (Vernon 1984); Gulf Energy Pipeline Co. v.
Garcia, 884 S.W.2d 821, 823 (Tex. App.- San Antonio1994, orig. proceeding) ("[T]he portion of
the condemnation proceeding before the commissioners is an administrative proceeding completely
separate from any judicial proceeding that may later take place.").

 Because the administrative and judicial components of a condemnation proceeding are
separate, it is not surprising that the Property Code says nothing about giving a trial court power to
oversee the administrative component while it is ongoing. Gulf Energy Pipeline Co., 884 S.W.2d
at 823; Blasingame v. Krueger, 800 S.W.2d 391, 394 (Tex. App.- Houston [14th Dist.] 1990, orig.
proceeding). Due to the absence of statutory authority for judicial oversight, a trial court may not
become involved in the administrative phase of the proceeding. See Gulf Energy Pipeline Co., 884
S.W.2d at 823; Peak Pipeline Corporation v. Norton, 629 S.W.2d 185, 186 (Tex. App.- Tyler 1982,
no writ); see State v. Garland, 963 S.W.2d 95, 100 (Tex. App.- Austin, pet. denied). Rather, the
special commissioners themselves may compel the attendance of witnesses and the production of
testimony, administer oaths, and punish for contempt in the same manner as a county judge. Tex.
Prop. Code Ann. § 21.014(c) (Vernon 1984). The administrative phase of a condemnation
proceeding implements a legislative policy to quickly award just damages to the landowner without
the delays that occur in court proceedings. Gulf Energy, 884 S.W.2d at 824. To allow the court to
oversee the administrative phase would circumvent this policy. 

 In their response to the petition for writ of mandamus, the Commissioners attempt to
distinguish Gulf Energy and Peak Pipeline on the basis that in those cases, the trial court was
hindering the special commissioners from proceeding with their inquiry. They contend that in this
case, the trial court was assisting them in the exercise of their powers. In our view, the conclusions
reached in Gulf Energy and Peak Pipeline were not based solely on the hindering effect of the trial
court's action. While the trial court's action in those cases may have had such an effect, we conclude
that the courts of appeal were primarily concerned with the court's lack of jurisdiction to act during
the administrative phase of the proceeding. Having reviewed the record before us and the applicable
law, we conclude that the trial court's appointment of counsel and its order compelling production
of certain information was an abuse of discretion because the trial court lacked jurisdiction to make
these orders.


Adequate Remedy At Law


 Although we have concluded that the trial court abused its discretion in making the
complained of orders, an abuse of discretion alone does not warrant the issuance of a writ of
mandamus. We must now turn to whether the State has an adequate remedy by appeal or otherwise. 
There is no adequate remedy by appeal only when a party is in danger of permanent deprivation of
substantial rights; merely showing that appeal would involve more expense or delay than obtaining
a writ of mandamus does not make an appeal inadequate. Canadian Helicopters, Ltd. v. Wittig, 876
S.W.2d 304, 306 (Tex. 1994). Mandamus issues "only in situations involving manifest and urgent
necessity and not for grievances that may be addressed by other remedies." Holloway v. Fifth Court
of Appeals, 767 S.W.2d 680, 684 (Tex. 1989) (citation omitted).

 The Fourteenth Court of Appeals' decision in Blasingame is instructive on this issue. In
Blasingame, the State filed a petition for condemnation in the County Court at Law of Washington
County. The county court at law judge appointed special commissioners. The special
commissioners authorized the landowners to issue a subpoena to the Director of the Texas
Department of Transportation and a subpoena duces tecum to an appraiser for the State. The State
filed motions to quash the subpoenas in the county court at law, which were granted. Id. at 392. 

 The landowners filed a petition for writ of mandamus arguing that the judge of the county
court at law abused his discretion in quashing the subpoenas because he lacked jurisdiction to act
on any exercise of power of the special commissioners. Id. at 393. As part of their argument, the
State argued that the landowners had an adequate remedy at law because they could appeal the award
of the special commissioners to the county court by filing timely objections. The Fourteenth Court
agreed with the State holding that even if the judge had exceeded his authority, the landowners could
file objections to the award and proceed with a trial de novo in the county court. Id. at 394. We
agree with the Fourteenth Court's reasoning.

 In most cases, the right to appeal to a district court or a county court at law affords a party
an adequate remedy for any errors that may occur in the condemnation proceeding up to and
including the award of the special commissioners. Tonahill v. Gulf States Utilities Co., 446 S.W.2d
301, 302 (Tex. 1969); City of Dallas v. Martin, 711 S.W.2d 285, 287 (Tex. App.- Dallas 1986, writ
ref'd n.r.e.). Typically, mandamus is appropriate only when errors or irregularities before the
commissioners render the proceeding void. Pearson, 315 S.W.2d at 939; Blasingame, 800 S.W.2d
at 394; but see Gulf Energy, 824 S.W.2d at 824 (mandamus appropriate where court granted a sixty
day continuance of the administrative phase and relator would suffer penalties and other expenses
if continuance remained in place). The State does not contend that the actions of the trial court in
appointing counsel and ordering discovery rendered the proceeding before the Commissioners void. 
 When a party objects to the special commissioners' award, the proceeding before the court
is a trial de novo and involves "trying the matter anew; the same as if no decision had been
previously rendered." Milam v. Akers, 181 S.W.2d 719, 724 (Tex. App.- Austin 1944, writ ref'd
w.o.m.); see Blasingame, 800 S.W.2d at 394; City of Dallas, 711 S.W.2d at 287. The special
commissioners' award is vacated and is inadmissible in the trial before the court. Amason, 682
S.W.2d at 242; Blasingame, 800 S.W.2d at 394. Further, the matter is tried in the same manner "as
other civil cases" and discovery would be conducted in accordance with the rules of civil procedure. 
Tex. Prop. Code Ann. § 21.018(b); see Blasingame, 800 S.W.2d at 394.

 While we conclude that the trial court abused its discretion in making the complained of
orders, we also conclude that the State has an adequate remedy at law in an appeal of the
commissioners' award to the county court at law. Once the judicial phase of the condemnation
proceeding is invoked, the court's actions relating to the administrative phase would be moot and
the case would proceed as any other civil case. By our holding in this case, we are not concluding
that mandamus is inappropriate in every case where a court becomes involved in the administrative
phase of a condemnation proceeding. For example, in Gulf Energy, the San Antonio Court of
Appeals found mandamus to be proper where the relator, who was seeking to condemn an easement
for a pipeline, faced a sixty day delay in the condemnation proceeding due to the trial court's
involvement and penalties and expenses associated with the delay. The Gulf Energy court
concluded that "neither the district court nor a court of appeals has any mechanism by which it could
return the expedited procedure and costs of which the Relator was deprived." Id. at 824. Here, there
is no contention that the actions of the trial court have caused or will cause irreparable harm such
as was involved in Gulf Energy. Canadian Helicopters, 876 S.W.2d at 306.


Conclusion


 Based on the foregoing, the State's petition for writ of mandamus is denied. 


 LEONARD DAVIS 

 Chief Justice



Opinion delivered January 23, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.







(PUBLISH)