NO. 07-03-0314-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 18, 2003



______________________________




MICKEY THOMAS BRASWELL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;



NO. 101,997; HONORABLE PAMELA C. SIRMON, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Mickey Thomas Braswell filed a Motion to Dismiss Appeal on September
16, 2003, averring that he no longer wishes to prosecute his appeal. The Motion to
Dismiss is signed by both appellant and his attorney. 

 Without passing on the merits of the case, appellant's motion for voluntary dismissal
is granted and the appeal is hereby dismissed. Tex. R. App. P. 42.2. Having dismissed 


the appeal at appellant's personal request, no motion for rehearing will be entertained and
our mandate will issue forthwith. 



 Phil Johnson

 Chief Justice













Do not publish.




her home. She told Deputy Short that
appellant had invited her to his house and, when she arrived, they began to argue. She
told the officers she left the house, realized that she had left her keys inside, and returned
to retrieve them. She indicated that, once inside the house, appellant hit her with a closed
fist on the face. 

 Appellant was charged by information with misdemeanor assault/domestic violence. 
At his jury trial, the State's case-in-chief was presented through testimony by Lawson,
Short, Taylor and a sheriff's office investigator, Debbie Anderson. The jury also saw
photographs of Lawson taken by Taylor. In her testimony, Lawson recanted her previous
accusations against appellant regarding the incident and testified she had mental problems
on the date in question for which she was eventually hospitalized. She stated that, on the
date of the incident, she was chasing appellant and poured a large drink on him. She
further testified appellant turned around and somehow she was struck. In her opinion,
appellant had not committed a crime. The jury nonetheless found him guilty.

 Appellant raises four main issues (1) in his appeal, contending the trial court erred by:
(1) allowing the State to question Lawson about allegations contained in a divorce petition (2)
she filed against appellant; (2) allowing Investigator Anderson to testify to statements
Lawson made to her; (3) admitting evidence of appellant's prior indictment for aggravated
assault; and (4) denying appellant's motion for a directed verdict because the evidence was
insufficient to prove that he was guilty beyond a reasonable doubt.

 We first address the sub-issues regarding the divorce petition. During the State's
case-in-chief, the State asked Lawson about a divorce petition she filed against appellant
containing allegations of domestic violence or abuse. In particular, the petition alleged a
pattern of violence and threats against Lawson beginning in October 2001. The petition
further alleged that, in January of 1999, appellant had engaged in a pattern of extreme and
outrageous conduct that caused Lawson severe emotional distress. The trial court
sustained appellant's objection to the admissibility of the actual divorce petition but allowed
the State to question Lawson about its contents. Appellant argues the divorce petition was
not admissible as the adopted statement of Lawson, that the State did not give appellant
reasonable notice of its intent to introduce the evidence as required by Rule 404(b), that
the testimony was not rebuttal evidence because it was admitted during the State's case-in-chief before appellant had presented evidence to be rebutted and, even if relevant, the
probative value of the testimony was outweighed by the danger of unfair prejudice.

 It is the trial court's task to determine whether extraneous conduct evidence is
relevant to a non-propensity purpose; the trial court's ruling is entitled to deference and will
be reversed only for abuse of discretion. Ransom v. State, 920 S.W.2d 288, 300
(Tex.Crim.App. 1996) (op. on reh'g). The State urges the testimony regarding the divorce
petition was appropriate because it was elicited from Lawson in rebuttal to the defensive
theories of self-defense, accident, mistake, and fabrication by the complaining witness. 
See Powell v. State, 63 S.W.3d 435, 439 (Tex.Crim.App. 2001) (while evidence of other
crimes, wrongs or acts may have a tendency to show character conformity, it may also be
admissible for another purpose, such as rebuttal of a defensive theory); Ransom, 920
S.W.2d at 301 (extraneous offenses are admissible to rebut defensive theories).

 The State also contends the admission of testimony concerning the divorce petition,
if erroneous, was harmless, and we agree. The erroneous admission of an extraneous
offense is non-constitutional error. Johnson v. State, 84 S.W.3d 726, 729
(Tex.App.-Houston [1st Dist.] 2002, pet. ref'd); TEX. R. APP. P. 44.2(a). If the error is not
constitutional, we look to whether it affects substantial rights. TEX. R. APP. P. 44.2(b). A
substantial right is violated when the error made the subject of appellant's complaint had
a substantial and injurious effect or influence in determining the jury's verdict. King v.
State, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997). If the error had no influence or only a
slight influence on the verdict, it is harmless. Johnson v. State, 967 S.W.2d 410, 417
(Tex.Crim.App. 1998); see also TEX. R. APP. P. 44.4; Webb v. State, 36 S.W.3d 164, 181
(Tex.App.-Houston [14th Dist.] 2000, pet. ref'd) (error that is neither constitutional nor
affects a substantial right is harmless). 

 Deputy Short testified appellant told him that "[i]n defense of [Lawson's] attack on
him, he punched her in the face." During Lawson's testimony regarding the incident, she
said that appellant "turned around, and the next thing I know, I just kind of saw stars . . . . 
Well, the stars- well, I know that I just- I was hit, but I don't know exactly with what or
anything like that." When asked whether she recalled telling Deputy Short or Investigator
Anderson that appellant hit her with his hand, Lawson testified she "hurt" after the incident
and "had a black eye." In response to one of the prosecutor's questions about the incident,
Lawson stated, "I mean, I know that I-I was struck, but I mean, I don't know that it was a
punch." Responding to a question posed by defense counsel, Lawson affirmed appellant
was "sorry about what had happened." 

 As noted, during Sergeant Taylor's testimony, the jury was shown three photographs
of Lawson. Taylor testified he took the pictures of Lawson on the night of the incident. The
photographs reveal redness in Lawson's left eye and bruising around the eye. Taylor
affirmed that "based on [his] experience as an officer and seeing many of these cases . . .
this injury to Ms. Lawson's left eye . . . would be consistent with being punched . . . ." 

 The charge required, for a finding of guilt, that the jury find appellant did
"intentionally, knowingly or recklessly cause bodily injury to DONNA LAWSON by striking
the said DONNA LAWSON with the defendant's hand . . . ." (3) The evidence we have recited
in the previous two paragraphs was admitted without objection, and was amply sufficient
to enable the jury to find appellant, at a minimum, recklessly caused bodily injury to
Lawson. The State did not emphasize the divorce petition evidence in its argument to the
jury. Having reviewed the entire record presented, we conclude Lawson's testimony
regarding the divorce petition had no more than a slight effect, if any, on the jury's decision. 
Johnson, 967 S.W.2d at 417. We hold the potential error did not affect appellant's
substantial rights and any error was, therefore, harmless. TEX. R. APP. P. 44.2(b). 
Appellant's first issue on appeal is overruled. 

 In his second issue, appellant complains the trial court erred by allowing Investigator
Debbie Anderson to testify to statements Lawson made to her on August 16, 2002 and
October 29, 2002, concerning acts of violence or abuse by appellant against Lawson. In
determining whether a trial court erred in admitting evidence, we apply an abuse of
discretion standard. Mozon v. State, 991 S.W.2d 841, 846-47 (Tex.Crim.App. 1999). "A
trial court abuses its discretion when its decision is so clearly wrong as to lie outside that
zone within which reasonable persons might disagree." Montgomery v. State, 810 S.W.2d
372, 391 (Tex.Crim.App. 1991) (op. on reh'g).

 Anderson's testimony was admitted under Rule of Evidence 613(a) as extrinsic
evidence of Lawson's prior inconsistent statements. Appellant first argues Lawson
unequivocally admitted making the statements to Investigator Anderson. Rule 613(a)
provides that if the witness unequivocally admits making the prior inconsistent statement,
extrinsic evidence of it shall not be admitted. As noted, during the course of the trial,
Lawson recanted her prior accusations of violence by appellant against her. The trial
court's remarks, as it admitted Anderson's testimony under Rule 613 and overruled
appellant's objections, make clear the trial court concluded that Lawson's statements were
equivocal. The court's characterization of her testimony was not unreasonable. Lawson
unequivocally admitted making statements to Investigator Anderson. When confronted with
her prior statements, however, Lawson's answers in large part were not responsive. 
Instead, she either said she did not remember what she told Investigator Anderson or
offered qualification and explanation. The court admonished Lawson during her testimony
for offering explanations rather than answers. The court's decision to allow Anderson to
testify to Lawson's prior statements was not an abuse of discretion. Broden v. State, 923
S.W.2d 183, 188-89 (Tex.App.-Amarillo 1996, no pet.).

 In his second sub-issue, appellant argues Anderson's testimony regarding Lawson's
prior statements to her constituted inadmissible hearsay. The State points to the language
of Rule of Evidence 802 stating that hearsay is not admissible "except as provided by
statute or these rules." Because Anderson's testimony was admissible under Rule 613(a),
the State reasons, it comes within the ambit of the quoted language from Rule 802. We
do not understand the State to contend, though, that Lawson's statements were of the
types of prior statements described as excluded from the hearsay rule in Rule of Evidence
801(e). See 1 GOODE, TEXAS PRACTICE SERIES § 613.2 (3d ed. 2002) (noting that under
Rule of Evidence 801, "only a small number of prior inconsistent statements are accorded
favored treatment as nonhearsay"); 2 GOODE, TEXAS PRACTICE SERIES § 801.3 (3d ed.
2002). 

 As noted, the abuse of discretion standard applies to our review of a trial court's
admission or exclusion of evidence. Cunningham v. State, 877 S.W.2d 310, 313
(Tex.Crim.App. 1994). Under that standard, we uphold a trial court's evidentiary ruling if
it is correct under any theory of law applicable to the case. Jones v. State, 833 S.W.2d
118, 125 n. 15 (Tex.Crim.App. 2002) (also noting that "the mere fact that a correct ruling
is given for the wrong reason will not result in a reversal"). See also Calloway v. State, 743
S.W.2d 645, 652 (Tex.Crim.App. 1988); Parsons v. State, 271 S.W.2d 643, 655
(Tex.Crim.App. 1953) (if ruling below is correct, it must be affirmed, although the lower
court relied upon a wrong ground or gave an incorrect reason).

 Hearsay is a statement, including a written statement, other than one made by the
declarant while testifying at the trial, which is offered to prove the truth of the matter
asserted. TEX. R. EVID. 801(d). "An extrajudical statement or writing which is offered for
the purpose of showing what was said rather than for the truth of the matter stated therein
does not constitute hearsay." Dinkins v. State, 894 S.W.2d 330, 347 (Tex.Crim.App. 1995)
(emphasis in original). Our review of the record leads to the conclusion the testimony of
Investigator Anderson could have been admitted for the purpose of showing what Lawson
said rather than the truth of the matter stated. Thus, we uphold the trial court's ruling. 
Jones, 833 S.W.2d at 125 n. 15. 

 Finally, under his third sub-issue, appellant challenges Anderson's testimony as
more prejudicial than probative. Appellant's initial argument under this sub-issue was
based on the proposition that Lawson's testimony was unequivocal with regard to the
statements made to Investigator Anderson. He contended Anderson's testimony simply
allowed the State to present the same evidence a second time. In a reply brief, appellant
additionally contends Anderson's testimony confused the issues for the jury. The approach
under Rule 403 is to admit all relevant evidence unless the probative value is substantially
outweighed by the danger of unfair prejudice to a defendant. Montgomery, 810 S.W.2d at
377 (citing TEX. R. EVID. 403). In review of a trial court ruling under Rule 403, we are
mindful that "the trial court judge is in a superior position to evaluate the impact of the
evidence." Id. at 378-79. Neither of appellant's contentions demonstrates the trial court's
judgment that the testimony of Investigator Anderson was more probative than prejudicial
involved an abuse of discretion. Id. Appellant's second issue on appeal is overruled. 
Cunningham, 877 S.W.2d at 313; Jones, 833 S.W.2d at 125 n. 15. 

 In his third issue on appeal, appellant argues the trial court erred by admitting
evidence of a September 2002 incident (4) in which appellant allegedly committed aggravated
assault against Lawson. Appellant first argues the trial court erred by admitting evidence
of the extraneous September 2002 assault because the State failed to demonstrate beyond
a reasonable doubt that he committed the offense and refers this court to Harrell v. State,
884 S.W.2d 154, 158 (Tex.Crim.App. 1994). The State asserts this contention was not
preserved for review, and we must agree. To preserve error for review, the complaint on
appeal must comport with the objection made at trial. Thomas v. State, 723 S.W.2d 696,
700 (Tex.Crim.App. 1986); Lusk v. State, 82 S.W.3d 57, 60 (Tex.App.-Amarillo 2002, pet.
ref'd). Otherwise, nothing is presented for appellate review. Watkins v. State, 946 S.W.2d
594, 600 (Tex.App.-Fort Worth 1997, pet. ref'd) (applying rule to appellate complaint that
extraneous offense was not proven). Appellant does not cite us to his objection to the
admission of evidence of the September 2002 assault on the basis that his commission of
the extraneous acts was not established beyond a reasonable doubt, and our review of the
record discloses no objection on that ground. (5) 

 Appellant next contends it was error to admit evidence of the September 2002
assault because the State failed to meet its burden to prove its admissibility. Specifically,
appellant argues the State did not show evidence of the extraneous offense served any of
the purposes listed in Rule 404(b). Appellant is correct that the State, as the proponent of
the extraneous offense evidence, bore the burden of showing its admissibility, Karnes v.
State, 127 S.W.3d 184, 189 (Tex.App.-Fort Worth 2003, no pet.), but we disagree that the
State failed to meet the burden. The trial court reasonably could have found the evidence
of a September 2002 assault of Lawson by appellant to be probative that her July injury for
which he was being tried was not accidental. See, e.g., Powell v. State, 5 S.W.3d 369, 383
(Tex.App.-Texarkana 1999, pet. ref'd) (fact that extraneous conduct occurred after offense
on trial does not render it inadmissible under 404(b)). 

 In his final sub-issue, appellant contends evidence of the September assault was
more prejudicial than probative and the trial court erred by overruling his objection under
Rule 403. He makes two arguments in support of his claim. The first is a reiteration of his
contention that the State did not introduce "clear proof that the offense was actually
committed and that it was committed by the Appellant." The second contends evidence of
the September incident distracted the jury from its proper consideration of the July events. 
We disagree with both arguments. It is undisputed that Lawson and appellant were the
persons involved in the September incident. Applying the analysis outlined in Montgomery,
810 S.W.2d at 395-97, we conclude appellant has not shown the trial court abused its
discretion in its balancing of the probative value and potential for prejudice of evidence of
the September incident. We overrule appellant's third issue on appeal.

 Finally, appellant contends the trial court erred by denying his motion for a directed
verdict because the evidence was insufficient to prove that appellant was guilty beyond a
reasonable doubt. (6) He argues that "[s]ince the State's case was based solely on
statements made by Donna Lawson to police officers and at trial, a reasonable doubt was
raised by Ms. Lawson's own testimony that the Appellant did not assault her." A legal
sufficiency challenge requires us to determine whether, after viewing the evidence in the
light most favorable to the prosecution, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. King v. State, 29 S.W.3d 556,
562 (Tex.Crim.App. 2000).

 The jury was entitled to believe the version of the events Lawson related to the
officers rather than her version at trial. See Bufkin v. State, 179 S.W.3d 166, 170
(Tex.App.-Houston [14th Dist.] 2005, pet. filed) (discussing the jury's entitlement to believe
or disbelieve a recanting witness's story of how the appellant acted in self-defense). Too,
as noted, the evidence presented at trial went beyond Lawson's testimony and statements
to officers. The State's case included three photographs of Lawson's injuries taken on the
night of the incident, and Deputy Short's testimony that appellant acknowledged he
punched Lawson. Based on this evidence a rational jury could find, beyond a reasonable
doubt, that appellant committed the essential elements of assault. King, 29 S.W.3d at 562. 
We overrule appellant's fourth issue on appeal and affirm the judgment of the trial court. 
 

 James T. Campbell

 Justice


Do not publish. 
1. Appellant has included various sub-issues under these main issues.
2. Although Lawson was described as appellant's "ex-girlfriend," evidence showed
she had filed a divorce petition against appellant. 
3. Section 22.01(a)(1) of the Penal Code provides a person commits an assault if he
"intentionally, knowingly, or recklessly causes bodily injury to another, including the
person's spouse . . . ." 
4. Appellant's third issue asserts the trial court erred by admitting evidence of
appellant's "prior indictment" for aggravated assault as a result of the September 2002
incident. Appellant adduced the evidence of his indictment for that assault during cross-examination of Lawson and through the introduction of defendant's exhibit 1, a motion and
order dismissing the cause. Appellant's argument under his third issue goes to the
admission of testimony concerning the actual events of the September 2002 incident. 
Applying the precept that a reviewing court should consider a party's arguments supporting
a point of error and not merely the wording of the point, State v. Garland, 963 S.W.2d 95,
101 (Tex.App.-Austin 1998, pet. denied), we direct our analysis to appellant's argument
supporting his third issue. 
5. We agree with the State that defense counsel's objection as recorded on page 6
of volume 4 of the reporter's record refers to the evidence supporting the charged offense,
meaning the July 2002 offense for which appellant was being tried, not the extraneous
September offense. 
6. Although appellant phrases his challenge to the trial court's ruling on his motion for
directed verdict as one of factual sufficiency, the law appears well-settled that a challenge
on appeal to the denial of a motion for directed verdict is a challenge to the legal sufficiency
of the evidence rather than its factual sufficiency. Turner v. State, 101 S.W.3d 750, 761
(Tex.App.-Houston [1st Dist.] 2003, pet. ref'd) (citing Williams v. State, 937 S.W.2d 479,
482 (Tex.Crim.App. 1996)). We will review appellant's final issue under a legal sufficiency
standard.