

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00067-CV

**ONCOR ELECTRIC DELIVERY COMPANY LLC**,
Appellant

v.

James Milton **SCHUNKE**,
Appellee

From the 35th Judicial District Court, Mills County, Texas
Trial Court No. 11-04-6278
Honorable Stephen Ellis, Judge Presiding

Opinion by: Karen Angelini, Justice

Sitting: Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed: December 18, 2013

REVERSED AND REMANDED

Oncor Electric Company LLC appeals from a judgment rendered on a special commissioners' award in a condemnation case. We conclude the trial court erred in rendering judgment on the commissioners' award. We therefore reverse and remand for further proceedings.

### BACKGROUND

A condemnation action begins as an administrative proceeding and, if necessary, may be converted to a judicial proceeding. *City of Tyler v. Beck*, 196 S.W.3d 784, 786 (Tex. 2006). To begin a condemnation action, a condemning entity files a petition in the appropriate trial court. *Id*.;

*State v. Garland*, 963 S.W.2d 95, 97 (Tex. App.—Austin 1998, pet. denied). The trial court then appoints special commissioners, who conduct a hearing and determine just compensation. *Beck*, 196 S.W.3d at 786; *Garland*, 963 S.W.2d at 97. Any party to a condemnation action may object to the commissioners' award by filing written objections with the court. *Beck*, 196 S.W.3d at 786; *Garland*, 963 S.W.2d at 97. If any party timely files objections, the commissioners' award is vacated and the administrative proceeding becomes a judicial proceeding. *Beck*, 196 S.W.3d at 786; *Garland*, 963 S.W.2d at 97. However, if no objections are filed, or if objections are untimely filed, the trial court does not acquire jurisdiction beyond its ministerial duty to render judgment on the commissioners' award. *Garland*, 963 S.W.2d at 97 (citing *Pearson v. State*, 315 S.W.2d 935, 938 (1958)).

In this case, Oncor filed a condemnation petition in the district court in Mills County, Texas. In its petition, Oncor sought to condemn land owned by James Milton Schunke. The district court appointed special commissioners, who heard the case and decided to award Schunke $367,000.00 in damages for the condemnation of his land. Oncor filed the commissioners' award and a notice of the commissioners' decision with the trial court clerk on September 26, 2011. The notice of decision instructed the trial court clerk to mail, by certified or registered mail, a copy of the notice to Schunke's and Oncor's attorneys of record. On September 28, 2011, the trial court clerk mailed a copy of the notice of decision to Schunke's attorneys of record, but she did not mail a copy of the notice of decision to Oncor's attorneys of record. Oncor filed objections to the commissioners' award on October 19, 2011.

Thereafter, Schunke filed a motion seeking judgment on the commissioners' award. In the motion, Schunke argued the trial court was required to render judgment on the commissioners' award because Oncor failed to file its objections in a timely manner. According to Schunke,

Oncor's objections were due on October 17, 2011, which was the first Monday following the twentieth day after the commissioners' award was filed with the trial court clerk.

The trial court held a hearing on Schunke's motion. At the hearing, a trial court clerk testified that the notice of the commissioners' decision was not sent to Oncor in the manner specified by the property code. Nevertheless, Schunke argued that the clerk's failure to send the notice of decision to Oncor in the manner specified by the property code did not toll Oncor's time for filing objections because the relevant property code provisions were designed to protect landowners rather than condemning entities. Schunke further argued that Oncor had actual notice of the filing of the notice of decision. In response, Oncor argued its objections were not untimely because the property code required the clerk to mail the notice of decision to the parties or their attorneys of record and the clerk failed to do so. Furthermore, Oncor claimed that it relied on the law stating that the time for filing objections was tolled until the clerk mailed the notice of decision to the parties or their attorneys of record. The trial court concluded Oncor's objections were untimely filed, granted Schunke's motion, and rendered judgment on the commissioners' award. Oncor appealed.

## DISCUSSION

On appeal, Oncor argues its objections were timely filed and therefore the trial court erred in rendering judgment on the commissioners' award. Two provisions of the Texas property code are central to the issue presented in this appeal. The first provision, section 21.049, states:

> The judge of a court hearing a proceeding under this chapter shall inform the clerk of the court as to a decision by the special commissioners on the day the decision is filed or on the next working day after the day the decision is filed. Not later than the next working day after the day the decision is filed, the clerk shall send notice of the decision by certified or registered United States mail, return receipt requested, to the parties in the proceeding, or to their attorneys of record, at their addresses of record.

TEX. PROP. CODE ANN. § 21.049 (West 2000). The second provision, section 21.018, states:

(a) A party to a condemnation proceeding may object to the findings of the special commissioners by filing a written statement of the objections and their grounds with the court that has jurisdiction of the proceeding. The statement must be filed on or before the first Monday following the 20th day after the day the commissioners file their findings with the court.

(b) If a party files an objection to the findings of the special commissioners, the court shall cite the adverse party and try the case in the same manner as other civil causes.

TEX. PROP. CODE ANN. § 21.018 (West 2003).

These provisions were construed by the Texas Supreme Court in *John v. State*, 826 S.W.2d 138 (Tex. 1992). Section 21.049 requires the trial court clerk to mail the notice of decision to the parties not later than the next working day after the day the decision is filed. TEX. PROP. CODE ANN. § 21.049. In *John*, the trial court clerk failed to mail the notice of the commissioners' decision to the landowners in the time period specified in the statute. 826 S.W.2d at 139. Instead, the clerk mailed the notice twenty-two days late, which was after the time for filing objections had passed under section 21.018(a). *Id*. Two days after the clerk mailed the notice of decision, the landowners filed their objections. *Id*. The Texas Supreme Court held that the landowners' objections were timely filed because the time to object to the commissioners' award was tolled until the clerk mailed the notice of decision as required under section 21.049. *Id*. The Texas Supreme Court construed section 21.049 as mandatory, concluding that "in condemnation cases, the clerk must comply with the notice provisions." *Id*. at 140. In reaching its holding, the Texas Supreme Court noted that when a statute provides the method by which notice shall be given in a particular instance, the notice provision must be followed with reasonable strictness. *Id*. at 141 n.4 (citing *Rotello v. Brazos Cnty. Water Control and Improvement Dist. No. 1*, 574 S.W.2d 208, 212 (Tex. App.—Houston [1st Dist.] 1978, no writ), *disapproved of on other grounds by State v. Bristol Hotel Asset Co.*, 65 S.W.3d 638, 642 (Tex. 2001)).

Here, it is undisputed that the trial court clerk never sent notice to Oncor as required by section 21.049. A deputy clerk testified that one of Oncor's attorneys gave her the notice of decision for filing, she filed the notice of decision, and handed the attorney a file-stamped copy of the notice. The clerk also testified that she mailed a copy of the notice of decision to Schunke's attorney, but she never mailed a copy to Oncor's attorney because it was her understanding that she did not need to mail the notice to the condemning entity. The clerk further testified that no one else in her office mailed a copy of the notice to Oncor because it would have been noted in the file.

Applying *John* to these facts, we conclude Oncor's time to file objections to the commissioners' award was tolled until the trial court clerk mailed the notice of decision as required by section 21.049. *See John*, 826 S.W.2d at 139 ("A majority of this court holds that, in a condemnation proceeding, the parties' time to object to the special commissioners' award is tolled until the clerk sends the required notice pursuant to section 21.049 of the Texas Property Code."); *Garland*, 963 S.W.2d at 101 (holding that the timetable for filing objections begins when the commissioners' decision is filed with the trial court, subject to tolling if proper notice is not sent). Because the trial court clerk never mailed the notice as required under section 21.049, Oncor's time to file objections to the commissioners' award was tolled.

Despite the rule articulated in *John*, Schunke claims that Oncor's objections were untimely filed. Schunke argues that *John* does not apply to this case because Oncor had actual notice of the filing of the notice of the commissioners' decision. Specifically, Oncor's lawyer gave the notice of decision to the trial court clerk, who filed the notice and handed Oncor's attorney a file-stamped copy of the notice.[1] We disagree with Schunke's assertion that the act of handing a file-stamped

---

[1] Apparently, the practice of a party filing the notice of decision on behalf of the commissioners is not unusual. A similar practice was described in *State v. Garland*, 963 S.W.3d 95, 99 (Tex. App.—Austin 1998, no pet.) ("We are informed . . . that a representative of the condemnor typically offers to carry out the actual filing of the document, and

copy of the notice of decision to one of Oncor's attorneys satisfied the clerk's mandatory duty to mail the notice to the parties or their attorneys under section 21.049. Section 21.049, which makes no mention of actual notice, specifies the manner in which notice is to be provided, stating "the clerk shall send notice of the decision by certified or registered United States mail, return receipt requested, to the parties in the proceeding, or to their attorneys of record, at their addresses of record." *See* TEX. PROP. CODE ANN. § 21.049. As the Texas Supreme Court stated in *John*, the requirements set out in section 21.049 must be followed with reasonable strictness. *John*, 826 S.W.2d at 141 n.4.

Schunke next argues this case warrants a departure from the rule articulated in *John* because the clerk failed to send notice to the condemning entity as opposed to the landowner. Schunke points out that *John* was based in part on the principle that condemnation statutes are to be liberally construed for the benefit of the landowner. *Id*. at 140. However, *John* was also based on the principle that statutes that are clear and unambiguous must be enforced as written. *Id*. ("Moreover, since the language of the statute is clear and unambiguous, it should be enforced as written, giving its terms their usual and ordinary meaning, and without resorting to the rules of construction."). Notably, section 21.049 does not direct the clerk to mail the notice to the landowner only. Rather, section 21.049 expressly requires the clerk to mail the notice "to the *parties* in the proceeding, or to *their* attorneys of record." *See* TEX. PROP. CODE ANN. § 21.049 (emphasis added).

Schunke further argues that Oncor's objections were untimely because Oncor failed to satisfy the requisites for equitable tolling and because Oncor judicially admitted that the commissioners' award was filed with the clerk on September 26, 2011. We find these arguments

---

that such offer is usually accepted by the commissioners. We see no reason why the commissioners may not authorize another person, including a party to the proceeding, to fulfil[l] this responsibility.").

unconvincing. First, under the rule articulated in *John*, Oncor was not required to satisfy the requirements for equitable tolling. Second, any admission concerning the date the commissioners' award was filed does not change the fact that the time to file objections was tolled until the clerk mailed notice to the parties or their attorneys as required by section 21.049.

In sum, the clerk's act of handing a file-stamped copy of the notice of decision to one of Oncor's attorneys did not satisfy the clerk's duty to mail the notice of decision as required by section 21.049. Moreover, Oncor was entitled to rely on the rule articulated in *John*, which provides that the time for filing objections to the commissioners' award is tolled until the clerk mails notice to the parties or their attorneys as required by section 21.049. *See* 826 S.W.2d at 139.

## CONCLUSION

The trial court erred in concluding Oncor's objections were untimely filed and in rendering judgment on the commissioners' award. Because Oncor's objections were timely filed, the administrative condemnation proceeding was converted to a judicial condemnation proceeding. Therefore, the trial court's judgment is REVERSED, and this case is REMANDED to the trial court for further proceedings.

Karen Angelini, Justice