## BRINTON et al. v. HOUSTON LIGHTING & POWER CO.

### No. 11540.

Court of Civil Appeals of Texas. Galveston.

June 17, 1943.

Rehearing Denied Dec. 2, 1943.

708

Walter F. Brown, of Houston, for appellants.

Cleveland Davis, of Angleton, and Tom M. Davis and W. E. Junell, both of Houston (Baker, Botts, Andrews & Wharton, of Houston, of counsel), for appellee.

GRAVES, Justice.

This is a condemnation suit brought by Houston Lighting & Power Company against Ina Brinton and Altus Pyburn, her lessee, to condemn an easement 5,284 feet long and 80 feet wide across a tract of land containing 640 acres.

Judgment was rendered condemning the property sought to be condemned, and awarding to Ina Brinton $117.60 and to Altus Pyburn $2.40. The appellants, Ina Brinton and Altus Pyburn, duly filed their motion for new trial and their amended motion for new trial, in which amended motion they presented all the assignments of error covered by their brief on this appeal. The amended motion for new trial was overruled, and appellants have perfected their appeal to this court, submitting for its consideration 119 points as to alleged errors.

■ The first five of these presentments here—from as many detailed approaches, as being applicable to different procedural features—comprehend the one structural objection that the judgment in condemna-tion as to both appellants was wrong—indeed, that the court had no jurisdiction to enter it—because it was conclusively shown that the appellee had never agreed with either appellant, prior to the institution of its condemnation proceedings against them, nor made any bona fide effort to agree with either, as to the value of her or his lands to be condemned, or as to the damages he or she would suffer by such a condemnation; that such an attempt to agree with the lessor, Mrs. Brinton, as well as the lessee, Mr. Pyburn, was an essential prerequisite, under Title 52, Article 3264, Vernon's Civil Statutes of Texas, governing the exercise of the right of eminent domain within its borders, to the acquisition of jurisdiction to condemn such an easement over land as formed the subject matter of this judgment.

As authority for such position, appellants, in addition to the statute referred to, cite, among others, these holdings of the courts: Atkins v. Davis, Tex.Civ.App., 291 S.W. 968; Porter v. City of Abilene, 4 Willson Civ.Cas.Ct.App. § 157, 16 S.W. 107; Clements v. Ft. Worth & D. S. P. R. Co., Tex. Civ.App., 7 S.W.2d 895; Ryan v. State, Tex.Civ.App., 21 S.W.2d 597; Watt v. Studer, Tex.Civ.App., 22 S.W.2d 709; Malone v. City of Madisonville, Tex.Civ.App., 24 S.W.2d 483; Easter Oil Corp. v. Wilbarger County, Tex.Civ.App., 30 S.W.2d 438; Isaac v. City of Houston, Tex.Civ. App., 60 S.W.2d 543, 546; Clower v. Fannin-Lamar-Delta Counties Levee Imp. Dist., Tex.Com.App., 39 S.W.2d 831, 833; State v. Davis, Tex.Civ.App., 139 S.W.2d 638; Houston North Shore R. Co. v. Tyrrell, 128 Tex. 248, 98 S.W.2d 786, 793, 108 A.L.R. 1508.

If this initial position of the appellants upon the whole controversy as now at this bar is correct, it obviously would be a work of supererogation for this court to inquire further, or dispose of any of the great number of remaining assignments.

Upon consideration of the record, it is concluded that appellants' position is well taken—that the record does conclusively if not undisputedly show that no such preliminary agreement as to the stated values was ever had or sufficiently undertaken with either appellant; indeed, appellee admits that no such agreement, or attempt to make one, was made with the appellant Pyburn, upon the consideration that he was a mere short-term lessee of his coappellant's land, and that, since it had, prior to instituting the condemnation proceeding, "made a

proper effort to acquire the easement from Mrs. Brinton by agreement", which effort had failed, and since the condemnation proceeding had therefore become inevitable anyway, it was "not necessary before filing the suit to attempt to agree with a short-term lessee of the property", towit, appellant Pyburn.

So that, issue was only joined, both below and on appeal, between the parties as to whether or not such "a proper effort to acquire the easement from Mrs. Brinton by agreement", or, as appellant puts it, "an agreement or bona fide attempt to agree with her as to the value of her land to be condemned, or as to the damages which she would suffer by reason of the condemnation, in advance of a filing of such proceeding", had been made.

The pleadings and the evidence touching this single resulting inquiry appear to make it a simple one. At the outset, the appellee conceding that no such agreement was in fact consummated with Mrs. Brinton, rests its answer to appellants' stated position upon the premise that it had made such a claimed "proper effort to acquire the easement" from her in advance—not even that having been necessary in this instance, "because the undisputed evidence showed that such an effort would have been futile."

It, in turn, cites many authorities in support of that answering position, among them these: Texas & N. O. R. Co. v. City of Beaumont, Tex.Civ.App., 285 S.W. 944, writ of error denied; Lone Star Gas Co. v. Birdwell, Tex.Civ.App., 74 S.W.2d 294; Fort Worth Ind. School Dist. v. Hodge, Tex.Civ.App., 96 S.W.2d 1113; Rabb v. La Feria Mut. Canal Co., 62 Tex.Civ.App. 24, 130 S.W. 916, writ of error refused; Houston Northshore R. Co. v. Tyrrell, 128 Tex. 248, 98 S.W.2d 786, 108 A.L.R. 1508; City of Dallas v. Crawford, Tex.Civ.App., 222 S.W. 305, writ of error dismissed; 16 Tex.Jur. 732, 733; Arcola Sugar Mills Co. v. Houston Lighting & Power Co., Tex. Civ.App., 153 S.W.2d 628, writ of error refused for want of merit; Houston & T. C. R. Co. v. Postal Tel. Cable Co., 18 Tex.Civ.App. 502, 45 S.W. 179.

In this connection, however, it is noted that appellee's petition for the condemnation contains no allegation that an attempt to so agree with Mrs. Brinton would have been futile, and that therefore such an attempt had not been necessary; on the contrary, the contention for futility was superadded by the appellee as a legal con-

clusion of its own, based upon the sole allegation that it had in advance made what it deemed a "proper effort to acquire the easement" from her.

■ Neither, it is thought, do the cases so cited and relied upon hold that a compliance with the statutory prerequisites are unnecessary, especially those in Section 1 of Article 3264, supra, to the express purport that the would-be condemnor "after having failed to agree with the owner of the land on the amount of damages shall file a statement in writing with the county judge * * * describe the land sought to be condemned, state the purpose for which it is intended to be used, the name of the owner, if known, and that the plaintiff and the owner have been unable to agree upon the value of the land or the damages."

In fact, most if not all of appellee's cited cases were not condemnation proceedings but injunction suits, involving other and different statutes, the objective of which was to enjoin or set aside proceedings in condemnation suits; hence they do not construe the condemnation statute here involved.

On the other hand, the holdings of the courts construing our statutes, cited supra, such as the Clower, Davis, Tyrrell, and Atkins cases, plainly proclaim that the Texas provisions for the condemnation of private property for public use are special and summary in character, hence must be strictly complied with by the condemning authority, any ignoring thereof rendering the proceedings wholly void.

As already indicated, the facts in this instance are well nigh undisputed, to this material purport: (1) Appellee's agent freely admitted that he had had no negotiations whatever with Mrs. Brinton with regard to an 80-foot easement, prior to the institution of the condemnation proceedings against her; (2) that he had merely tried to buy an easement over her land of a materially different kind from her, which in no manner mentioned any width whatever, let alone one of 80 feet; (3) that he himself, not being a real estate man, did not then know anything about the value of her land, and had not attempted to agree with her on the amount of damages she would be suffering by reason of the taking of her interest in the property, for the many purposes for which the appellee proposed to take it.

In a word, it conclusively appears that the main if not the sole support for appellee's

stated contention that it had not been necessary to so in advance agree with Mrs. Brinton on such prospective damages was the fact that thereafter, on this trial in the court below, she positively testified that she would not have sold the appellee such an easement, as it acquired by this judgment, over her property for 60 cents per rod, which was the price it had then offered her therefor as for a sale of and not as damages to such property.

Our cited Texas statute seems to be explicit in its requirement that there must have been in advance of condemnation proceedings at least a bona fide effort on the part of the condemnor to agree with its adversary, the land owner, in advance "upon the value of the land or the damages", if and when taken for condemnation purposes; and that such requirement is not met by a mere attempt in advance to buy an easement from the owner for a specified price per rod.

Under these conclusions, the judgment cannot stand; but, since appellants only seek that relief, it will be reversed, and the cause remanded to the court below for a new trial.

Reversed and remanded.