Randle L. AMASON et ux., Petitioners,

v.

NATURAL GAS PIPELINE
COMPANY, Respondent.

No. C–2929.

Supreme Court of Texas.

Dec. 12, 1984.

Rehearing Denied Jan. 16, 1985.

McKool & Vassalo, Bill Liebbe, Dallas, for petitioner.

Vick & Vick, G. Thomas Vick, Jr., Weatherford, for respondent.

RAY, Justice.

This is a land condemnation case involving the procedural issue of which party, condemnee or condemnor, bears the burden of going forward to trial to determine whether the condemnor possesses the right to condemn the sought-after land. We hold that when a condemnee properly contests a condemnor's right to condemn, the condemnor bears the burden to go forward to trial on that issue. In 1981, the Natural Gas Pipeline Company (Pipeline) sought a permanent easement across property owned by Randle and Ann Amason and the Veterans' Land Board of the State of Texas (the Amasons) in order to construct a pipeline. Accordingly, Pipeline filed a statement in the district court seeking the condemnation of this property. The district judge then appointed three Special Commissioners who filed an award of $1,250 for the easement. The Amasons, however, contested Pipeline's right to condemn their property and objected to the amount of the Special Commissioners' award. After Pipeline waived citation, nei-

ther party took any further action with respect to this case.

Almost a year later, the district court dismissed this cause for want of prosecution and upheld the Special Commissioners' award. Over Pipeline's objection, the Amasons moved to reinstate this cause on the docket, but this motion was denied because the Amasons failed to verify the motion. Tex.R.Civ.P. 93. In an unpublished opinion, Tex.R.Civ.P. 452, the court of appeals affirmed, reasoning that the trial court both properly denied the Amasons' motion to reinstate and correctly upheld the Special Commissioners' award. We modify the judgments of the lower courts by dismissing the condemnation proceeding in its entirety, including vacating the Special Commissioners' award. As modified, the judgments of the lower courts are affirmed.

The question of law presented to this court is whether a condemnor, who is satisfied with the Special Commissioners' award, still must go forward to trial to prove his right to condemn the sought-after land when the condemnee properly contests this authority. After answering this question, we can determine which party, Pipeline or the Amasons, should suffer the consequences of abandoning this case. On the one hand, Pipeline argues that under the facts of this case, the Amasons bore the burden of going forward to trial and initially placing the case on the trial court docket. On the other hand, the Amasons argue that this was Pipeline's burden. We agree with the Amasons.

The Texas land condemnation scheme is a two-part procedure involving first, an administrative proceeding, and then if necessary, a judicial proceeding. When a party desires to condemn land for public use but cannot agree on settlement terms with the landowner, that party must file a statement seeking condemnation in the proper court, either district court or county court at law, of the county in which the land is located. Tex.Prop.Code Ann. §§ 21.001; 21.012; 21.013 (Vernon 1984). Upon the filing of this statement, the trial court judge is to appoint three Special Com-

missioners who assess the damages and then file an award which, in their opinion, reflects the value of the sought-after land. Prop.Code §§ 21.014–21.016. The Special Commissioners' power, however, is limited to filing in the proper court an award of fair compensation for the condemnation. *Brazos River Conservation & Reclamation District v. Allen*, 141 Tex. 208, 171 S.W.2d 842, 846 (Tex.1943); *Texas Electric Service Co. v. Faudree*, 410 S.W.2d 477, 481 (Tex.Civ.App.—El Paso 1966, writ ref'd n.r.e.); Prop.Code § 21.014. For example, the Special Commissioners are powerless to decide whether the condemnor possesses the right to condemn the property in the first place. From the time the condemnor files the original statement seeking condemnation up to the time of the Special Commissioners' award, these initial proceedings are administrative in nature. *Lower Nueces River Water Supply District v. Cartwright*, 160 Tex. 239, 328 S.W.2d 752, 754 (Tex.1959); *Pearson v. State*, 159 Tex. 66, 315 S.W.2d 935, 936–37 (Tex.1958).

Once the Special Commissioners file their award, the condemnor, if satisfied with the award, must either pay the amount of the award to the condemnee or deposit that amount in the court's registry. Prop.Code § 21.021(a)(1). If the condemnee is disatisfied with the Special Commissioner's award, he must timely file his objections in the appropriate court. Prop.Code § 21.-018(a). Upon the filing of objections, the Special Commissioners' award is vacated and the administrative proceeding converts into a normal pending cause in the court with the condemnor as plaintiff and the condemnee as defendant. *Denton County v. Brammer*, 361 S.W.2d 198, 200 (Tex. 1962); Prop.Code § 21.018(b). While the condemnor becomes the plaintiff for the purpose of proving his right to condemn, the condemnee still must secure the service of citation on the condemnor. *Brammer*, 361 S.W.2d at 200; Prop.Code § 21.018(b). If the condemnee fails to secure the service of citation on the condemnor within a reasonable period of time, the trial court should dismiss the objections for want of prosecution and should also reinstate the Special Commissioners' award as the proper compensation for the condemnation of the condemnee's land. *Id.* at 200–01. Once the service of citation on the condemnor is accomplished, however, the Special Commissioners' award cannot be reinstated.

■ In support of its argument that the Amasons abandoned this case, Pipeline relies exclusively on *State v. Beever Farms, Inc.*, 549 S.W.2d 223 (Tex.Civ.App.—San Antonio 1977, writ ref'd n.r.e.). We find that this reliance is misplaced. In *Beever Farms*, the condemnor filed objections to the Special Commissioners' award. The condemnee, however, was satisfied with the award, so he withdrew the award from the court's registry. Under Texas law, this withdrawal resulted in a waiver by the condemnee of his right to contest the condemnor's power to condemn the property. *See State v. Jackson*, 388 S.W.2d 924, 925 (Tex.1965). This, then, left only the value of the land for the court's consideration. *See id.* at 925–26; *Stuart v. Harris County Flood Control District*, 537 S.W.2d 352, 354 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). After seven years passed with neither party taking any action with respect to the case, the trial court dismissed the cause for want of prosecution and reinstated the Special Commissioners' award as the proper compensation for the condemnee's land. *Beever Farms*, 549 S.W.2d at 228. In our opinion, *Beever Farms* must be limited to its facts. We do not find *Beever Farms* on point because in the case at bar, the Amasons contested the right to condemn, timely objected to the Special Commissioners' award and have not withdrawn the award from the trial court's registry.

■ In *Denton County v. Brammer*, 361 S.W.2d 198 (Tex.1962), this court considered an unexplained seven-year delay by a condemnee between the timely filing of his objections and the service of citation on the condemnor. In that case, we held that this unexplained delay raised a conclusive

presumption that the condemnee abandoned his objections. Consequently, we dismissed the objections for want of prosecution and reinstated the Special Commissioners' award as the proper compensation for the condemnation of the condemnee's land. Nonetheless, in *Brammer* we articulated the legal implications of a condemnee's objection to the Special Commissioners' award when the condemnee also serves citation on the condemnor.

> The filing of the original objections ... vacated the award of the special Commissioners. The condemnor ... became the plaintiff and ... the condemnee became the defendant. Although the condemnee ... became the defendant, we construe the [eminent domain] statute ... to mean that the condemnee ... had the burden of causing the issuance of citation and the obtaining of service of such citation upon the condemnor .... *While the condemnor ... as plaintiff had the burden of proving all the essentials necessary to show a right to condemnation, [citation omitted] and had the burden of going forward to trial, it was under no legal obligation to do so unless and until it had been served with citation.* (Emphasis added.)

361 S.W.2d at 200.

▆▆▆▆ In this case, it is undisputed that the Amasons challenged the right to condemn, timely objected to the Special Commissioners' award, did not withdraw the award from the court's registry and obtained a waiver of service of citation from Pipeline. Thus, the Amasons proceeded properly to contest Pipeline's power to condemn their land, but the trial court failed to consider this matter. Nonetheless, both the lower courts held that the Amasons, by making their objections, bore the responsibility of going forward to trial. We disagree. We hold that the trial court correctly dismissed this case for want of prosecution, but erred in reinstating the Special Commissioners' award. Consequently, we modify the lower courts' judgments by entirely dismissing the condemnation proceeding for want of prosecution by Pipeline.