TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00032-CV







State of Texas, Appellant



v.



Leon Schmidt, Trustee, Appellee







FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY


NO. 1955, HONORABLE STEVE RUSSELL, JUDGE PRESIDING







 The State of Texas appeals from a judgment rendered in its statutory condemnation
proceeding against Leon Schmidt, Trustee, and others. The trial court adjudged all costs against
the State and the sole issue on appeal is whether the trial court erred in this respect. We will
affirm the judgment.



THE CONTROVERSY


 Before the State filed the condemnation proceeding, it offered the property owners
$231,880 in an attempt to agree on the damages. See Tex. Prop. Code Ann. § 21.057(a) (West
1984). The owners rejected the offer. In the special commissioners hearing that followed, that
administrative tribunal found the owners' damages to be $488,000, a sum more than double the
State's offer. See id. § 21.014. In the de novo review that followed in the trial court, the jury
awarded the owners' damages of $467,658, a sum less than that awarded by the commissioners
but still an amount almost double the State's pre-condemnation offer. The trial court adjudged
against the State all costs of the condemnation proceeding.

 On appeal, the State contends the trial court erred by adjudging all costs against the
State because the court misconstrued or misapplied the statute that governs the matter of adjudging
costs in eminent-domain proceedings. The statute provides as follows:



Special commissioners may adjudge the costs of an eminent domain proceeding
against any party. If the commissioners award greater damages than the
condemnor offered to pay before the proceedings began or if the decision of the
commissioners is appealed and a court awards greater damages than the
commissioners awarded, the condemnor shall pay all costs. If the commissioners'
award or the court's determination of the damages is less than or equal to the
amount the condemnor offered before proceedings began, the property owner shall
pay the costs.



Id. § 21.047(a).



DISCUSSION AND HOLDINGS


 In its first point of error, the State contends section 21.047(a) of the Property Code
creates an ambiguity that gives rise to an implication that the trial court is authorized to divide the
costs of the condemnation proceeding, and to adjudge a part only of such costs against the State
and the remainder against the property owner. Alternatively, the State contends the statute implies
that the property owner must pay all costs in the present circumstances. We disagree.

 We are enjoined to find the legislature's intent and purpose, comprised in section
21.047(a), under certain well-established rules. We must take a general view of the whole section
in context and construe it accordingly. We must interpret the statutory text fairly, and assign it
a meaning that is not strained, forced, or exaggerated, but one which the words of the text will
fairly sanction and clearly sustain. Concerning the matter of implications, these are forbidden
when the legislative intent and purpose are obvious; implications are authorized only when one
may say that the legislature obviously intended the implication to be part of the statute. 
Implications are never imputed to the statutory text if they would contradict or add to what the
statute provides expressly. See Commissioners Court of Caldwell County v. Criminal Dist.
Attorney, 690 S.W.2d 932, 936 (Tex. App.--Austin 1985, writ ref'd n.r.e.). We believe the 
meaning suggested by the State would require us to disregard almost all these rules of statutory
construction.

 In statutory condemnation proceedings, the condemnor must establish that it was
unable to agree with the property owner on damages. Tex. Prop. Code Ann. § 21.012(b)(4)
(West 1984). (1) This refers to a bona fide attempt to agree on damages, which includes a bona fide
offer by the condemnor to pay the estimated true value of the land. The obvious purpose of
provisions such as section 21.047(a) is to encourage the condemnor to offer the true value of the
land and to discourage the property owner from making extravagant demands in their attempt to
agree through negotiations preceding the filing of the statutory proceedings. See generally 27
Am. Jur. 2d Eminent Domain §§ 474-75 at 402-05 (1966); 29A C.J.S. Eminent Domain §§ 368,
369 at 736-38 (1992); H.D. Warren, Annotation, Liability of State, or its Agency or Board, For
Costs in Civil Action To Which it is a Party, 72 A.L.R. 2d 1379 (1960). While statutes vary from
state to state, the common purpose is as stated. Consequently, these statutes commonly require
a comparison between the amount finally recovered by the property owner, in whatever tribunal,
and the amount offered by the condemnor before any condemnation proceedings began.

 The text of section 21.047(a) fits the common pattern: the amount finally recovered
by the property owner, as damages, determines the issue of adjudging costs. If the property
owner finally recovers more than the condemnor's offer, whether by the administrative award of
the special commissioner's or the judgment of the trial court, then "the condemnor shall pay all
costs"; but if the award of the commissioners or the trial court, whichever is final, is equal to or
less than the amount of the condemnor's offer, "the property owner shall pay the costs." Tex.
Prop. Code Ann. § 21.047 (West 1984). (2) We see nothing ambiguous in the statutory text when
construed in light of the statutory purpose indicated. The words "all costs" reject the implication
the State imputes to the text in order to argue for a division of costs in some manner, an
implication that in our view contradicts both the statutory purpose and language. We overrule the
State's first point of error.

 In its second point of error, the State contends section 21.047(a) does not apply to
the State at all because the statute originally applied to non-governmental condemnors only. We
find no reasoning or authority supporting this argument and overrule the point of error.

 In a third point of error, the State argues that public policy is contravened by a
statute that requires the State to pay all costs in "virtually all" statutory condemnation proceedings. 
We reject the contention for two reasons. Firstly, the State's contention presupposes a State
policy to offer the property owner, in "virtually all" eminent-domain proceedings, an amount less
than a bona fide or good faith estimate of the true value of the property. This defeats directly the
statutory purpose of section 21.975(a) and presupposes a public policy we will not impute to the
State: a routine attempt to plunder property owners by taking their property without the just
compensation guaranteed them by our State and federal constitutions. Secondly, the State's
contention is not true. Section 21.075(a) expressly directs that the property owner, not the State,
shall pay the costs in those cases where the State's pre-litigation offer exceeds the amount of
damages awarded in the commissioners' order or in the trial-court judgment, whichever
instrument finally determines the owner's damages. We overrule the third point of error.

 Finding no error, we affirm the trial-court judgment.



 

 John Powers, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: March 8, 1995

Publish 
1.   The attempt to agree is a jurisdictional prerequisite to the statutory proceedings. 
Brinton v. Houston Lighting & Power Co., 175 S.W.2d 707, 709-10 (Tex. Civ. App.--Galveston
1943, writ ref'd); Madison Rayburn, Texas Law of Condemnation § 45(1) at 118-19 (1961 ed.). 

2.   Accord Anderson v. Clajon Gas Co., 677 S.W.2d 702 (Tex. App.--Houston [1st Dist.] 1984,
no writ); Buzzard v. Mapco, 499 S.W.2d 352 (Tex. Civ. App.--Amarillo 1973, writ ref'd n.r.e.);
Lapsley v. State, 405 S.W.2d 406 (Tex. Civ. App.--Texarkana 1966, writ ref'd n.r.e.).