**Thelma Blahuta HUBENAK, Appellant,**

v.

**SAN JACINTO GAS TRANSMISSION COMPANY, Appellee.**

No. 11–00–00128–CV.

Court of Appeals of Texas, Eastland.

Jan. 4, 2001.

Rehearing Overruled March 8, 2001.

Richard L. McElya, William D. Noel, Angleton, for appellant.

Thomas E. Sheffield, Sheffield & Warren, Houston, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

### Opinion

McCALL, Justice.

The only issue in this condemnation case is whether the trial court erred in finding that San Jacinto Gas Transmission Company (San Jacinto) met the jurisdictional requirement of TEX. PROP. CODE ANN. § 21.012 (Vernon 1984) before instituting the condemnation proceedings for two easements crossing Thelma Blahuta Hubenak's (the Landowner) land. We reverse and remand.

San Jacinto is a gas utility company with the power of eminent domain. TEX. UTIL. CODE ANN. § 181.00 et seq. (Vernon 1998 & Supp.2001). In 1996, San Jacinto's board of directors authorized the construction and operation of a 12–inch natural gas pipeline approximately 10 miles long in Fort Bend County. The Landowner owns approximately 40 acres across which San Jacinto sought the two easements for its pipeline. After lengthy negotiations with the Landowner, San Jacinto filed this condemnation proceeding.

Section 21.012 sets forth the jurisdictional requirement for a condemnation proceeding:

(a) If...a corporation with eminent domain authority...wants to acquire real property for public use but is unable to agree with the owner of the property on the amount of damages, the condemning entity may begin a condemnation proceeding by filing a petition in the proper court.

(b) The petition must:

\* \* \*

(4) state that the entity and the property owner are unable to agree on the damages.

The "unable to agree" condition has been interpreted to refer to a bona fide attempt to agree on damages. The condemnor has a duty to engage in good faith negotiations to acquire the property before filing suit unless negotiations would be futile. *Houston North Shore Ry. Co. v. Tyrrell,* 128 Tex. 248, 98 S.W.2d 786 (1936); *State v. Schmidt,* 894 S.W.2d 543, 544–45 (Tex.App.—Austin 1995, no writ).

The Landowner filed a plea to the jurisdiction which the trial court denied. The Landowner argues that San Jacinto did not invoke the trial court's jurisdiction because it did not negotiate in good faith for the easements. The Landowner contends that San Jacinto required the Landowner to grant it three property rights that San

Jacinto could not obtain in a condemnation proceeding:

(i) the right to transport "oil, petroleum products, or any other liquids, gases or substances which can be transported through a pipeline";

(ii) the right to assign the easement to any person or entity; and

(iii) the obligation of the Landowner to warrant and defend title to the easement.

The Landowner also contends that San Jacinto did not negotiate in good faith because the resolution of the board of directors did not specifically authorize its officers to bargain for the three property rights.

In a recent case consolidating four appeals from condemnation proceedings involving the same pipeline and these same parties [1] but involving different tracts of land and originating in a different trial court, the court of appeals agreed with the contention that San Jacinto did not negotiate in good faith because San Jacinto's "offers included three additional property rights that...were not [approved by] San Jacintos' board of directors." *Hubenak v. San Jacinto Gas Transmission Company,* 2000 WL 1056416 (Nos. 01–99–00691–CV, 01–99–00959–CV, 01–99–01359–CV, and 01–99–01360–CV, Tex.App.—Houston [1st Dist.] July 27, 2000, no pet'n h.)(not yet reported). The same board resolution is involved in this case; however, we do not believe that the board resolution determines whether San Jacinto met the jurisdictional requirement of Section 21.012.

■ A court deciding a plea to the jurisdiction is not required to look solely at the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues. *Bland Indepen-*

*dent School District v. Blue,* 34 S.W.3d 547 (2000). Thus, if the condemnee raises the question by a plea to the jurisdiction, the trial court should determine as a threshold matter whether the condemnor has satisfied the unable-to-agree prerequisite to bringing the condemnation suit even if questions of fact exist. *State v. Hipp,* 832 S.W.2d 71, 76 (Tex.App.—Austin 1992), *rev'd on other grounds,* 867 S.W.2d 781 (Tex.1993).

We agree with the reasoning in *Hipp* that the jurisdictional hearing under Section 21.012 is analogous to a hearing where the existence of in personam jurisdiction is determined. On appeal, the evidence involved in a jurisdictional determination under Section 21.012 normally would be reviewed for legal and factual sufficiency if properly challenged.[2] Here, however, San Jacinto chose to file a motion for partial summary judgment under TEX.R.CIV.P. 166a(b) & (c) on the Section 21.012 jurisdictional question. The Landowner responded and filed a cross-motion for summary judgment contending that, as a matter of law, San Jacinto had not negotiated in good faith because of its insistence on the three property rights. The trial court granted San Jacinto's motion for summary judgment and denied the Landowner's motion.

■ Because both parties elected to file motions for summary judgment instead of requesting a full evidentiary hearing on the jurisdictional question, we must review the trial court's summary judgment order under the well-established standard of review for summary judgments set forth in *Randall's Food Markets, Inc. v. Johnson,* 891 S.W.2d 640 (Tex.1995); *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546 (Tex.1985); and *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.1970).

---

1. Thelma Blahuta Hubenak and Emil Blahuta were the landowners in one proceeding, Thelma was the landowner in one proceeding, and other landowners were involved in the other two proceedings.

2. See the Supreme Court's discussion of *F/R Cattle Company, Inc. v. State,* 866 S.W.2d 200 (Tex.1993), in *Bland Independent School District v. Blue,* supra at 128.

In support of its motion for summary judgment and to meet the requirement of Section 21.012, San Jacinto presented the affidavit of David M. Dunwoody, Manager for Right of Way with San Jacinto; the Daily Right of Way Negotiation Report; and San Jacinto's Offer Letters. San Jacinto first retained a State-certified real estate appraiser who appraised the value of the easements at $1,900. On July 10, 1996, San Jacinto's agent offered the Landowner $4,980 for the easements. This offer was increased to $6,024 on August 5, 1996. The same offer was made again on August 15, 1996. On August 12, 1996, the Landowner insisted on a reroute of the pipeline, refused $6,000 in compensation, and demanded that 48 inches of cover be put on top of the pipeline.[3] The rerouting of the pipeline and the 48 inches of cover were unacceptable conditions to San Jacinto. The offer letter dated August 15, 1996, notes that the agreement sought was for a natural gas pipeline. Dunwoody's affidavit contains the following statements:

At all times prior to the filing of the Company's Petition in Condemnation, Mr. Murchison made it clear that the Company was seeking to acquire an easement for one natural gas pipeline. As with all the landowners along the route, the terms of any proposed easement were always negotiable.... Nevertheless, the [Landowners] were never satisfied with the amount of money offered. While the Company could agree to compromise on many issues, and offered to, the amount of compensation seemed to be the landowners' biggest issue. Although San Jacinto's policy is to pay more than fair market value to avoid litigation, demands that vastly exceed fair market value or that require unacceptable terms have to be refused....

Prior to the time that the Petition in Condemnation was filed, I communicat-

ed with [the] two lawyers who represented that they were working on behalf of the landowners in this case. After speaking with them, it was clear to me that any further negotiation would be futile.

The Landowner presented portions of Dunwoody's deposition where he acknowledged that San Jacinto insisted on the right of assignability. The Landowner also pointed out to the trial court that the easement agreements presented by San Jacinto contained the three rights that she found objectionable. Thus, the Landowner contends that San Jacinto never engaged in good faith negotiations because it did not make a bona fide offer.

San Jacinto correctly states that the jurisdictional requirement of Section 21.012 also could be met by evidence showing that further negotiations with the Landowner would be futile. *Houston North Shore R. Co. v. Tyrrell*, supra at 795–96; *Anderson v. Clajon Gas Company*, 677 S.W.2d 702, 706 (Tex.App.—Houston [1st Dist.] 1984, no writ). San Jacinto contends that there is unrebutted evidence that the Landowner was never satisfied with the amount of money offered; that the Landowner insisted on a rerouting of the pipeline and that there be 48 inches of covering over the buried pipeline; that San Jacinto did not want to offer more than $6,024; and that the two conditions of the Landowner were unacceptable to San Jacinto. In response, the Landowner argues that, if negotiations were futile, it was only because of San Jacinto's insistence on the three rights. An inference can also be drawn from the affidavit of the Landowner's attorney that the Landowner was willing to continue negotiations. Under summary judgment law, every reasonable inference must be indulged in favor of the non-movant. *Nixon v. Mr. Property Management Company, Inc.*, supra at 548–49. We find that there are fact questions concerning wheth-

---

**3.** After the trial court determined that San Jacinto met the jurisdictional requirement of Section 21.012, the jury awarded $2,147 as just compensation to the Landowner.

er San Jacinto bargained in good faith and whether further negotiations were futile.

### This Court's Ruling

Because neither San Jacinto nor the Landowner established as a matter of law whether the jurisdictional requirement of Section 21.012 was or was not met, we reverse and remand.