**MIDTEXAS PIPELINE COMPANY,**
**Appellant,**

v.

**Walter Roy WRIGHT, III, Appellee.**

**No. 06–01–00012–CV.**

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 28, 2001.

Decided Feb. 26, 2002.

**212**

Thomas E. Sheffield, League City, for appellant.

William D. Noel, Angleton, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

MidTexas Pipeline Company appeals the summary judgment granted in favor of Walter Roy Wright, III. MidTexas is a gas corporation with the right of condemnation under Tex. Util.Code Ann. § 181.004 (Vernon 1998). MidTexas began negotiations with Wright to purchase an easement over his land for the purpose of building a natural gas pipeline.

After negotiations yielded no agreement, MidTexas filed a condemnation action pursuant to Tex. Prop.Code Ann. § 21.012 (Vernon 1984). The trial court appointed special commissioners to assess damages. See Tex. Prop.Code Ann. § 21.014(a) (Vernon 1984). The commissioners heard evidence and awarded damages, but Wright objected to the award. See Tex. Prop.Code Ann. § 21.018(a) (Vernon 1984). Wright filed a counterclaim in which he requested the trial court to restore to him possession of the easement, award him damages for the unlawful taking of his property, and award him reasonable attorney's fees.

Wright filed a motion for partial summary judgment in which he contended the trial court did not have jurisdiction because MidTexas failed to comply with the jurisdictional prerequisites for filing a condemnation action. Specifically, Wright alleged MidTexas did not negotiate in good faith because its offer required him to grant MidTexas rights it could not obtain through condemnation. Wright also filed a plea to the jurisdiction that mirrored his arguments in his motion for partial summary judgment.

MidTexas filed a motion for partial summary judgment, in which it contended it met all the jurisdictional prerequisites to filing its condemnation action. With respect to Wright's allegation that it failed to negotiate in good faith, MidTexas contended the good faith requirement was satisfied when it made a bona fide offer it believed was the amount of compensation owed.

The trial court granted MidTexas's motion for partial summary judgment and denied Wright's motion. Some time later, however, Wright reurged his plea, requesting the trial court to dismiss the suit, based on *Hubenak.* The trial court granted Wright's plea to the jurisdiction, dismissing MidTexas's condemnation action. The trial court then severed Wright's counterclaim, making its dismissal order a final, appealable order.

■ "The Texas land condemnation scheme is a two-part procedure involving first, an administrative proceeding, and then if necessary, a judicial proceeding." *Amason v. Natural Gas Pipeline Co.,* 682 S.W.2d 240, 241 (Tex.1984). When a governmental entity, or an entity with eminent domain authority, seeks to acquire real property for public use, but is unable to agree with the owner on the amount of damages, the entity may begin a condemnation proceeding by filing a petition in the proper court. TEX. PROP.CODE ANN. § 21.012(a); *Amason,* 682 S.W.2d at 241. Such a petition must (1) describe the property to be condemned, (2) state the purpose for which the entity intends to use the property, (3) state the name of the owner, if known, and (4) state that the entity and the landowner are unable to agree on damages. TEX. PROP.CODE ANN. § 21.012(b).

■ When a party files such a petition, the trial court must appoint three special commissioners who assess the damages and file an award reflecting their opinions of the land's value. TEX. PROP.CODE ANN. § 21.014(a); *Amason,* 682 S.W.2d at 241–42. If the condemnee is unsatisfied with the award, he or she may file an objection in the trial court. TEX. PROP.CODE ANN. § 21.018(a); *Amason,* 682 S.W.2d at 242. The filing of an objection vacates the commissioners' award and, coupled with service of citation on the condemnor, fore-

closes reinstatement of the commissioners' award. *Amason,* 682 S.W.2d at 242. What had been an administrative proceeding converts into a cause of action with the condemnor as plaintiff and the condemnee as defendant. *Id.*

■ In its plea to the jurisdiction, Wright alleged MidTexas failed to meet the unable-to-agree requirement of Section 21.012(b). The attempt to agree is a jurisdictional prerequisite to the statutory proceedings. *State v. Schmidt,* 894 S.W.2d 543, 545 n. 1 (Tex.App.-Austin 1995, no writ) (citing *Brinton v. Houston Lighting & Power Co.,* 175 S.W.2d 707, 709–10 (Tex. Civ.App.-Galveston 1943, writ ref'd w.o.m.)). The condemnor has the burden of proof on the unable-to-agree issue. *Id.* at 544.

On appeal, MidTexas contends it met the unable-to-agree requirement as a matter of law. We have this day released our opinion in No. 06–01–00010–CV, *MidTexas Pipeline Co. v. Dernehl,* 71 S.W.3d 852 (Tex.App.-Texarkana 2002). Because the briefs and arguments are in all relevant respects the same as those raised in this appeal, for the reasons stated in that opinion, we affirm the trial court's judgment.

Dissenting Opinion by Chief Justice CORNELIUS.

WILLIAM J. CORNELIUS, Chief Justice, dissenting.

I dissent for the reasons set out in my dissenting opinion in cause number 06–01–00010–CV, *MidTexas Pipeline Co. v. Dernehl,* 71 S.W.3d 852 (Tex.App.-Texarkana 2002).

OPINION ON REHEARING

■ In response to the Motion for Rehearing, we add the following: This opinion does not say and does not imply the

condemnor cannot make offers for and purchase property and rights which it cannot acquire by condemnation proceedings. However, such an offer should be made separate and apart from the offer made as a prerequisite by law to condemnation. This does not mean the property to be condemned cannot be a part of the separate offer, as long as the owner is given the opportunity to sell at a specific price only that property subject to condemnation.

Furthermore, a threat or pretense of condemnation made by the condemnor on land or for rights not subject to condemnation and made in order to obtain additional property or rights constitutes a wrongful act and an abuse of the right of eminent domain.

It is the duty of the condemnor to make such an offer, and there is no requirement that the landowner make any type of counteroffer. The landowner is not compelled to negotiate or consider an offer on land or rights not subject to condemnation.

As to the so-called greater-includes-the-lesser theory, if this were the law, it would allow the condemnor to make an offer on a 500–acre tract of land that had been in the landowner's family for five generations, that contained the home of the landowner, numerous improvements made by the landowner, and other properties unconnected with the condemnation when the area sought to be condemned involved only a small strip in the corner of the property. The condemnor could then, under that theory, say that the negotiated offer required under the statute had been made. Such an offer would in no way have any connection with the property to be condemned, and certainly the Legislature could not have intended for such an offer, even though the greater included the lesser, to be considered a good-faith negotiation in an attempt to purchase the property to be condemned.

Eminent domain proceeding can be simplified by simply following the statute and the legislative intent by making an offer only for the property to be condemned.

## DISSENTING OPINION ON REHEARING

For the reasons stated fully in my dissenting opinion on original submission, and for the additional reasons expressed here, I would grant MidTexas' Motion for Rehearing.

The conclusions reached by the majority in this case are directly contrary to the conclusions reached in three cases decided recently in Texas. These cases are *Hubenak v. San Jacinto Gas Transmission Co.,* 65 S.W.3d 791 (Tex.App.-Houston [1st Dist.] 2001, no pet. h.); *Cusack Ranch Corp. v. MidTexas Pipeline Co.,* 71 S.W.3d 395 (Tex.App.-Corpus Christi 2001, no pet. h.); and *Hubenak v. San Jacinto Gas Transmission Co.,* 37 S.W.3d 133 (Tex. App.-Eastland 2001, pet. denied).[1] Indeed, on the essential issue—whether the inclusion of property rights in addition to the property to be condemned in the condemnor's offer renders that offer ineffectual or not bona fide—the one case relied on by the condemnee and the majority here (although the cite has now been removed from the majority opinion) has now been overruled on rehearing with the opposite result prevailing. *See Hubenak v. San Jacinto Gas Transmission Co.,* 65 S.W.3d 791, 2001 WL 1587822.

---

1. The court in this case held that the fact that the condemnor's offer included rights in addition to those it later sought to condemn *did* *not* render the offer invalid as a matter of law, but there was a fact question whether the condemnor negotiated in good faith.