**MIDTEXAS PIPELINE COMPANY,**
Appellant,

v.

**Walter Roy WRIGHT, Jr. and Robbie V. Wright, Appellees.**

**No. 06–01–00011–CV.**

Court of Appeals of Texas,
Texarkana.

Feb. 26, 2002.

---

8. *Ante* at 202.

Thomas E. Sheffield, Leaque City, for appellant.

Richard L. McElya, Angleton, for Robbie V. Wright.

William D. Noel, Angleton, for Walter Roy Wright, Jr.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

MidTexas Pipeline Company appeals the summary judgment granted in favor of Walter Roy Wright, Jr. and Robbie V. Wright (collectively, Wright). MidTexas is a gas corporation with the right of condemnation under TEX. UTIL.CODE ANN. § 181.004 (Vernon 1998). MidTexas began negotiations with Wright to purchase an easement over his land for the purpose of building a natural gas pipeline.

After negotiations yielded no agreement, MidTexas filed a condemnation action pursuant to TEX. PROP.CODE ANN. § 21.012 (Vernon 1984). The trial court appointed special commissioners to assess damages. *See* TEX. PROP.CODE ANN. § 21.014(a) (Vernon 1984). The commissioners heard evidence and awarded damages, but Wright objected to the award. *See* TEX. PROP.CODE ANN. § 21.018(a) (Vernon 1984). Wright filed a counterclaim in which he requested the trial court to restore to him possession of the easement, award him damages for the unlawful taking of his property, and award him reasonable attorney's fees.

Wright filed a motion for partial summary judgment in which he contended the trial court did not have jurisdiction because MidTexas failed to comply with the jurisdictional prerequisites for filing a condemnation action. Specifically, Wright alleged MidTexas did not negotiate in good faith because its offer required him to grant MidTexas rights it could not obtain through condemnation. Wright also filed a plea to the jurisdiction that mirrored his arguments in his motion for partial summary judgment.

MidTexas filed a motion for partial summary judgment, in which it contended it met all the jurisdictional prerequisites to filing its condemnation action. With respect to Wright's allegation that it failed to negotiate in good faith, MidTexas contended the good faith requirement was satisfied when it made a bona fide offer it believed was the amount of compensation owed.

The trial court granted MidTexas' motion for partial summary judgment and denied Wright's motion. Some time later, however, Wright reurged his plea to the jurisdiction, requesting the trial court to dismiss the suit. The trial court granted Wright's plea, dismissing MidTexas' condemnation action. The trial court then severed Wright's counterclaim, making its dismissal order a final, appealable order.

"The Texas land condemnation scheme is a two-part procedure involving first, an administrative proceeding, and then if necessary, a judicial proceeding." *Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 241 (Tex.1984). When a governmental entity, or an entity with eminent domain authority, seeks to acquire real property for public use, but is unable to agree with the owner on the amount of damages, the entity may begin a condemnation proceeding by filing a petition in the proper court. TEX. PROP.CODE ANN. § 21.012(a); *Amason,* 682 S.W.2d at 241. Such a petition must (1) describe the property to be condemned, (2) state the purpose for which the entity intends to use the property, (3) state the name of the owner, if known, and (4) state that the entity and the landowner are unable to agree on damages. TEX. PROP.CODE ANN. § 21.012(b).

When a party files such a petition, the trial court must appoint three special commissioners who assess the damages and file an award reflecting their opinions of the land's value. Tex. Prop.Code Ann. § 21.014(a); *Amason,* 682 S.W.2d at 241–42. If the condemnee is unsatisfied with the award, he or she may file an objection in the trial court. Tex. Prop.Code Ann. § 21.018(a); *Amason,* 682 S.W.2d at 242. The filing of an objection vacates the commissioners' award and, coupled with service of citation on the condemnor, forecloses reinstatement of the commissioners' award. *Amason,* 682 S.W.2d at 242. What had been an administrative proceeding converts into a cause of action with the condemnor as plaintiff and the condemnee as defendant. *Id.*

In its plea to the jurisdiction, Wright alleged MidTexas failed to meet the unable-to-agree requirement of Section 21.012(b). The attempt to agree is a jurisdictional prerequisite to the statutory proceedings. *State v. Schmidt,* 894 S.W.2d 543, 545 n. 1 (Tex.App.-Austin 1995, no writ) (citing *Brinton v. Houston Lighting & Power Co.,* 175 S.W.2d 707, 709–10 (Tex. Civ.App.-Galveston 1943, writ ref'd w.o.m.)). The condemnor has the burden of proof on the unable-to-agree issue. *Id.* at 544.

On appeal, MidTexas contends it met the unable-to-agree requirement as a matter of law. We have this day released our opinion in No. 06–01–00010–CV, *MidTexas Pipeline Co. v. Dernehl,* 71 S.W.3d 852 (Tex.App.—Texarkana, 2002). Because the briefs and arguments are in all relevant respects the same as those raised in this appeal, for the reasons stated in that opinion, we affirm the trial court's judgment.

Dissenting opinion by Chief Justice CORNELIUS.

WILLIAM J. CORNELIUS, Chief Justice, dissenting.

I dissent for the reasons stated in my dissenting opinion in cause number 06–01–00010–CV, *MidTexas Pipeline Co. v. Dernehl.*

## OPINION ON MOTION
## FOR REHEARING

For the reasons stated in this Court's opinions in cause numbers 06–01–00010–CV and 06–01–00012–CV, and in the opinions on motions for rehearing thereto, the motion for rehearing filed in this case is overruled.

## DISSENTING OPINION
## ON REHEARING

For the reasons stated fully in my dissenting opinion on original submission, and for the additional reasons expressed here, I would grant MidTexas' motion for rehearing.

The conclusions reached by the majority in this case are directly contrary to the conclusions reached in three cases decided recently in Texas. These cases are *Hubenak v. San Jacinto Gas Transmission Co.,* 2001 WL 1587822 (Tex.App.-Houston [1st Dist.] Dec.13, 2001, no pet. h.); *Cusack Ranch Corp. v. MidTexas Pipeline Co.,* 71 S.W.3d 395 (Tex.App.-Corpus Christi, 2001, no pet. h.); and *Hubenak v. San Jacinto Gas Transmission Co.,* 37 S.W.3d 133 (Tex.App.-Eastland 2001, pet. denied).[1] Indeed, on the essential issue—whether the inclusion of property rights in addition

---

1. The court in this case held that the fact that the condemnor's offer included rights in addition to those it later sought to condemn *did* *not* render the offer invalid as a matter of law*, but there was a fact question whether the condemnor negotiated in good faith.

to the property to be condemned in the condemnor's offer renders that offer ineffectual or not bona fide—the one case relied on by the condemnee and the majority here (although the cite has now been removed from the majority opinion) has now been overruled on rehearing with the opposite result prevailing. *See Hubenak v. San Jacinto Gas Transmission Co.*, 2001 WL 1587822.

There is not one case that now supports the view taken by the majority in this case. If the majority view prevails here, it will add confusion to the law of eminent domain and if followed generally, will thwart the legislative purposes to simplify eminent domain proceedings and to lessen the likelihood of unnecessary litigation and appeals.

I urge the majority not to contribute to the conflicts and to the hypertechnicality in the law of eminent domain by ruling contrary to the settled law set out in the well reasoned opinions in the cases cited here.

I respectfully dissent to the overruling of the motion for rehearing.