In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00011-CV


______________________________




MIDTEXAS PIPELINE COMPANY, Appellant



V.



WALTER ROY WRIGHT, JR. AND ROBBIE V. WRIGHT, Appellees




 


On Appeal from the 25th Judicial District Court


Colorado County, Texas


Trial Court No. 18,396




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross


Dissenting Opinion by Chief Justice Cornelius


O P I N I O N



 MidTexas Pipeline Company appeals the summary judgment granted in favor of
Walter Roy Wright, Jr. and Robbie V. Wright (collectively, Wright). MidTexas is a gas
corporation with the right of condemnation under Tex. Util. Code Ann. § 181.004 (Vernon
1998). MidTexas began negotiations with Wright to purchase an easement over his land
for the purpose of building a natural gas pipeline.

 After negotiations yielded no agreement, MidTexas filed a condemnation action
pursuant to Tex. Prop. Code Ann. § 21.012 (Vernon 1984). The trial court appointed
special commissioners to assess damages. See Tex. Prop. Code Ann. § 21.014(a)
(Vernon 1984). The commissioners heard evidence and awarded damages, but Wright
objected to the award. See Tex. Prop. Code Ann. § 21.018(a) (Vernon 1984). Wright filed
a counterclaim in which he requested the trial court to restore to him possession of the
easement, award him damages for the unlawful taking of his property, and award him
reasonable attorney's fees. 

 Wright filed a motion for partial summary judgment in which he contended the trial
court did not have jurisdiction because MidTexas failed to comply with the jurisdictional
prerequisites for filing a condemnation action. Specifically, Wright alleged MidTexas did
not negotiate in good faith because its offer required him to grant MidTexas rights it could
not obtain through condemnation. Wright also filed a plea to the jurisdiction that mirrored
his arguments in his motion for partial summary judgment. 

 MidTexas filed a motion for partial summary judgment, in which it contended it met
all the jurisdictional prerequisites to filing its condemnation action. With respect to Wright's
allegation that it failed to negotiate in good faith, MidTexas contended the good faith
requirement was satisfied when it made a bona fide offer it believed was the amount of
compensation owed. 

 The trial court granted MidTexas' motion for partial summary judgment and denied
Wright's motion. Some time later, however, Wright reurged his plea to the jurisdiction,
requesting the trial court to dismiss the suit. The trial court granted Wright's plea,
dismissing MidTexas' condemnation action. The trial court then severed Wright's
counterclaim, making its dismissal order a final, appealable order. 

 "The Texas land condemnation scheme is a two-part procedure involving first, an
administrative proceeding, and then if necessary, a judicial proceeding." Amason v.
Natural Gas Pipeline Co., 682 S.W.2d 240, 241 (Tex. 1984). When a governmental entity,
or an entity with eminent domain authority, seeks to acquire real property for public use,
but is unable to agree with the owner on the amount of damages, the entity may begin a
condemnation proceeding by filing a petition in the proper court. Tex. Prop. Code
Ann. § 21.012(a); Amason, 682 S.W.2d at 241. Such a petition must (1) describe the
property to be condemned, (2) state the purpose for which the entity intends to use the
property, (3) state the name of the owner, if known, and (4) state that the entity and the
landowner are unable to agree on damages. Tex. Prop. Code Ann. § 21.012(b).

 When a party files such a petition, the trial court must appoint three special
commissioners who assess the damages and file an award reflecting their opinions of the
land's value. Tex. Prop. Code Ann. § 21.014(a); Amason, 682 S.W.2d at 241-42. If the
condemnee is unsatisfied with the award, he or she may file an objection in the trial court. 
Tex. Prop. Code Ann. § 21.018(a); Amason, 682 S.W.2d at 242. The filing of an objection
vacates the commissioners' award and, coupled with service of citation on the condemnor,
forecloses reinstatement of the commissioners' award. Amason, 682 S.W.2d at 242. 
What had been an administrative proceeding converts into a cause of action with the
condemnor as plaintiff and the condemnee as defendant. Id.

 In its plea to the jurisdiction, Wright alleged MidTexas failed to meet the unable-to-agree requirement of Section 21.012(b). The attempt to agree is a jurisdictional
prerequisite to the statutory proceedings. State v. Schmidt, 894 S.W.2d 543, 545 n.1 (Tex.
App.-Austin 1995, no writ) (citing Brinton v. Houston Lighting & Power Co., 175 S.W.2d
707, 709-10 (Tex. Civ. App.-Galveston 1943, writ ref'd w.o.m.)). The condemnor has the
burden of proof on the unable-to-agree issue. Id. at 544.

 On appeal, MidTexas contends it met the unable-to-agree requirement as a matter
of law. We have this day released our opinion in No. 06-01-00010-CV, MidTexas Pipeline
Co. v. Dernehl. Because the briefs and arguments are in all relevant respects the same
as those raised in this appeal, for the reasons stated in that opinion, we affirm the trial
court's judgment.


 Donald R. Ross

 Justice



DISSENTING OPINION



 I dissent for the reasons stated in my dissenting opinion in cause number
06-01-00010-CV, MidTexas Pipeline Co. v. Dernehl.


 William J. Cornelius

 Chief Justice



Date Submitted: August 28, 2001

Date Decided: February 26, 2002


Do Not Publish




OPINION ON MOTION FOR REHEARING


 For the reasons stated in this Court's opinions in cause numbers 06-01-00010-CV
and 06-01-00012-CV, and in the opinions on motions for rehearing thereto, the motion for
rehearing filed in this case is overruled.


 Donald R. Ross

 Justice



DISSENTING OPINION ON REHEARING



 For the reasons stated fully in my dissenting opinion on original submission, and for
the additional reasons expressed here, I would grant MidTexas' motion for rehearing.

 The conclusions reached by the majority in this case are directly contrary to the
conclusions reached in three cases decided recently in Texas. These cases are Hubenak
v. San Jacinto Gas Transmission Co., 2001 WL 1587822 (Tex. App.-Houston [1st Dist.]
Dec.13, 2001, no pet. h.); Cusack Ranch Corp. v. MidTexas Pipeline Co., 2001 WL
15538360 (Tex. App.-Corpus Christi, Nov. 29, 2001, no pet. h.); and Hubenak v. San
Jacinto Gas Transmission Co., 37 S.W.3d 133 (Tex. App.-Eastland 2001, pet. denied). (1) 
Indeed, on the essential issue-whether the inclusion of property rights in addition to the
property to be condemned in the condemnor's offer renders that offer ineffectual or not
bona fide-the one case relied on by the condemnee and the majority here (although the
cite has now been removed from the majority opinion) has now been overruled on
rehearing with the opposite result prevailing. See Hubenak v. San Jacinto Gas
Transmission Co., 2001 WL 1587822.

 There is not one case that now supports the view taken by the majority in this case. 
If the majority view prevails here, it will add confusion to the law of eminent domain and if
followed generally, will thwart the legislative purposes to simplify eminent domain
proceedings and to lessen the likelihood of unnecessary litigation and appeals.

 I urge the majority not to contribute to the conflicts and to the hypertechnicality in
the law of eminent domain by ruling contrary to the settled law set out in the well reasoned
opinions in the cases cited here.

 I respectfully dissent to the overruling of the motion for rehearing.


 William J. Cornelius

 Chief Justice



Date Decided: February 26, 2002


Do Not Publish

1. The court in this case held that the fact that the condemnor's offer included rights
in addition to those it later sought to condemn did not render the offer invalid as a matter
of law, but there was a fact question whether the condemnor negotiated in good faith.



time in question. Accordingly, the record affirmatively refutes this allegation of ineffective
assistance of counsel. The record also refutes any suggestion by McCollum that his plea was
involuntary at the time it was given due to his state of intoxication presumably some three hours
before the time he entered his plea.

 For the reasons stated, we overrule McCollum's appellate issues and affirm the trial court's
judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: December 17, 2007

Date Decided: December 20, 2007


Do Not Publish


1. See Tex. Penal Code Ann. § 22.02 (Vernon Supp. 2007). Absent the presence of
statutorily defined circumstances, aggravated assault is a second-degree felony. Id. The appeal in
this case concerns McCollum's conviction in trial court cause number 20557. McCollum has also
appealed his other conviction for aggravated assault in trial court cause number 20558; that appeal
is addressed in our opinion in McCollum v. State, cause number 06-07-00074-CR, issued this same
date.
2. The trial court heard testimony from a Texas Department of Public Safety (DPS) trooper that
McCollum's breath-alcohol concentration then registered a .068 on the intoxilyzer test. The court
held McCollum in contempt of court, ordered him jailed, and directed the continued monitoring of
his blood-alcohol concentration to determine whether that content was rising (which would support
the conclusion McCollum had stopped drinking only shortly before coming to court that morning)
or falling (which would support McCollum's claim that he had stopped drinking the night before). 
The trial court stated on the record that the purpose of the contempt finding was to allow McCollum
time to return to sobriety:


I'm going to order that he be jailed and to be tested each hour to see whether the
blood is going up [or] down, and I want a report. If it's going up, it of course
indicates that the drinking occurred this morning and is still being absorbed into the
system. If that's the case, we will reconsider and probably hold him in contempt for
a longer period of time. If, on the other hand, it's going down, indicating he told the
truth and this drinking is from last night, we will schedule the trial to start at the time
it's out of his system. At .068, its going to take several hours for it to clear. That's
going to delay the trial until this afternoon. I want you to report back this afternoon
and have him back in the courtroom at 1:00 o'clock to find out what his condition is. 
At that point I will make a decision as to how long he's going to be in jail for
contempt.
3. The trial court also ordered McCollum to pay $200,000.00 in restitution. 
4. Judge Lovett's expertise on this topic is noteworthy. He has a national reputation as an
expert in cases dealing with intoxication and has co-authored a three-volume set of trial handbooks
on Driving Under the Influence defense. See Reese I. Joey & James Lovett, Drunk Driving: The
Trial Notebook; Drunk Driving: The Trial Workbook; and Drunk Driving: The Trial Source Book
(Kluwer, 1986).