IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 04-0813 
════════════
 
City of Tyler, Texas, 
Petitioner,
 
v.
 
Timothy L. Beck and Susan G. 
Beck, Respondents
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Twelfth District of 
Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
Timothy and 
Susan Beck owned real property that the City of Tyler initiated proceedings to 
condemn. Three appointed special commissioners assessed damages to the Becks and 
entered an award. Tex. Prop. Code 
§ 21.014. The City, and then the Becks, filed objections to the 
award and sent copies to opposing counsel, but neither issued formal service of 
citation on the other as the Property Code requires. Id. 
§ 21.018(b); see also Amason v. Natural Gas Pipeline Co., 682 
S.W.2d 240, 242 (Tex. 1985) (citing Denton County v. Brammer, 361 S.W.2d 
198, 200 (Tex. 1962)). The trial court dismissed the case for want of 
prosecution due to lack of service and reinstated the award. The court of 
appeals affirmed, holding that conversion of an administrative condemnation 
proceeding into a judicial one, which operates to vacate the commissioners’ 
award, turns upon service of citation, the absence of which in this case 
demonstrated a failure to prosecute. ___ S.W.3d ___. We disagree. Judicial 
condemnation proceedings commence when an objection to the award is filed; if 
service of citation is not timely secured, the award is subject to 
reinstatement. In this case, both parties invoked the judicial process by filing 
objections to the commissioners’ award, and each participated in the judicial 
proceedings with notice of the other’s objections. Under these circumstances, we 
hold that the purposes of the formal citation requirement were met and the trial 
court erred in dismissing the case. Accordingly, we reverse the court of 
appeals’ judgment and remand the case to the trial court for further 
proceedings. 
The Texas 
eminent-domain scheme is a two-part process that begins with an administrative 
proceeding followed, if necessary, by a judicial one. Amason, 682 S.W.2d 
at 241. The condemning entity initiates a condemnation proceeding by filing a 
petition in the proper court. Tex. Prop. 
Code § 21.012. The court then appoints three special commissioners to 
conduct a hearing and determine just compensation. Id. §§ 21.014-15. Once 
the commissioners have made an award, the condemnor, if satisfied, must pay the 
amount of the award to the condemnee, deposit that amount in the court’s 
registry, or post a sufficient bond. Id. § 21.021(a). Condemnation 
proceedings are administrative in nature “[f]rom the time the condemnor files 
the original statement seeking condemnation up to the time of the Special 
Commissioners’ award.” Amason, 682 S.W.2d at 242.
Either party 
may challenge the special commissioners’ award by filing objections in the same 
court. Tex. Prop. Code § 
21.018(a). Upon the filing of objections, the award is vacated and the 
administrative proceeding converts into a judicial proceeding. Denton 
County, 361 S.W.2d at 200. The objecting party must secure service of 
citation on the adverse party and try the case in the manner of other civil 
causes. Tex. Prop. Code § 
21.018(b); see also Amason, 682 S.W.2d at 242. Although the Property Code 
specifically provides that “the court shall cite the adverse party,” Tex. Prop. Code § 21.018(b), we have 
clarified that it is incumbent upon the objecting party to serve the adverse 
party with citation of the objections. Amason, 682 S.W.2d at 242. If the 
objecting party fails to do so within a reasonable time, the trial court should 
dismiss the objections for want of prosecution and reinstate the special 
commissioners’ award. See Amason, 682 S.W.2d at 242.
The City 
claims that formal citation is obviated when the opposing party makes a general 
appearance. The City asserts that the Becks made a general appearance and 
submitted to the court’s jurisdiction by filing their own objections to the 
award, and therefore the trial court erred in its dismissal for lack of 
citation. The Becks counter that their filing in no way discharged the City’s 
procedural obligation to serve them with citation. They argue that citation 
becomes unnecessary only when a party clearly demonstrates actual notice of the 
opposing side’s objections. The Becks maintain that their actions do not 
demonstrate any recognition of the City’s pending objections, and therefore 
service was necessary to proceed. 
The service 
requirement affords a means for the court to acquire jurisdiction over the party 
to be served.[1] The circumstances of this case 
demonstrate that the purpose of the service of citation requirement was 
satisfied because the Becks, by filing their own objections, invoked the 
judicial process and the court acquired in personam jurisdiction over 
them. See Denton County, 361 S.W.2d at 200. We also note that the City’s 
objections were served on the Becks’ counsel by mail. See Tex. R. Civ. P. 21a. Although service 
was not by citation, the Becks were already before the court and the purposes of 
formal citation were met. Accordingly, the trial court erred in dismissing the 
case for want of prosecution. See State v. Reeh, 434 S.W.2d 416, 418 
(Tex. Civ. App.–San Antonio 1968, writ ref’d n.r.e.) (holding that service was 
rendered unnecessary by the State’s participation in a condemnation judicial 
proceeding and noting that the “State does not contend that it did not receive a 
copy of the condemnees’ objections, or that it was in any manner prejudiced by 
the failure of condemnees to cite it”).
The Becks 
also contend the City failed to timely perfect its appeal. The City filed two 
post-judgment motions, a Motion for New Trial and a Verified Motion to 
Reinstate, shortly after the trial court’s order dismissing the case. The City 
filed its appeal more than thirty days after the judgment, the default period 
allowed to perfect an appeal, but within ninety days of the judgment, the 
extended period allowed when a post-judgment motion is filed. See Tex. R. App. P. 26.1. The Becks argue 
that the City’s post-judgment motions did not extend the time to perfect appeal 
because the motions were filed by new counsel who had not been designated as the 
City’s attorney in charge. We disagree. Rule 8 of the Texas Rules of Civil 
Procedure provides that “[a]ll communications . . . with respect to a suit shall 
be sent to the attorney in charge,” and that any change of that designation must 
be made by written notice to the court and the other parties. Tex. R. Civ. P. 8. However, nothing in 
the rule indicates that a motion filed by an attorney other than the designated 
attorney in charge is void or that other attorneys are not authorized to act on 
behalf of the party. The City’s post-judgment motions properly extended the 
plenary power of the court and the time for appeal.
Accordingly, 
we grant the City’s petition for review and without hearing oral argument, 
reverse the court of appeals’ judgment and remand the case to the trial court 
for further proceedings consistent with this opinion. Tex. R. App. P. 59.1.
 
OPINION 
DELIVERED: June 30, 2006.
 
 







[1] See Omni Capital Int’l v. Rudolf Wolff & 
Co., 484 U.S. 97, 104 (1987) (noting that absent consent, “[b]efore a 
federal court may exercise personal jurisdiction over a defendant, the 
procedural requirement of service of summons must be satisfied”); Bolden v. 
Greenpoint Mortgage Funding, Inc., No. 3:04-CV-0379-P, 2004 U.S. Dist. LEXIS 
20508, at *14 (N.D. Tex., Oct. 13, 2004) (“The chief purpose of service of 
process is to provide ‘notice of the pendency of a legal action . . . .’“) 
(citation omitted); Rose v. Rose, 117 S.W.3d 84, 87 (Tex. 
App.–Waco 2003, no pet.) (“Without actual service on a 
defendant or an effective substitute for service, a trial court generally lacks 
the power to render judgment against the defendant. . . . The purpose of service 
of citation is to ensure that the defendant has notice of the suit.”); TAC 
Americas, Inc. v. Boothe, 94 S.W.3d 315, 318 (Tex. App.–Austin 2002, no pet.) (“Generally, the purpose of 
citation is to give the court jurisdiction over the parties and to provide 
notice to the defendant . . . .”).